HADLEY, Attorney-General, Appellant, v. ZEILDA FORSEE.

**Division One, April 11, 1907.**

1. **CHARITY.** Gifts to charitable uses receive favorable consideration in the courts of this State.

2. ————: **Public: Uncertainty** as to the individual to whom the benefit may reach does not defeat the gift, but on the contrary is one of the features that distinguish a public from a private charity. But it is not every general intent that appears in a will that can be put into effect by a court of chancery.

3. ————: ————: ————: **Cause of Religion: No Specific Beneficiary.** Though a general intent to advance the cause of religion and promote the cause of charity appear in the will, yet in the absence of any provision showing how that purpose is to be put into effect, the court is powerless, and the testator will be held to have died intestate as to the property or fund. If he does not designate the particular religion or the particular charity he had in mind, the court will not make a will for him by assuming to designate the church or charity he had in mind.

4. ————: ————: **This Will: Uncertainty.** The will gave all testator's property to his wife for life, "subject to the following conditions: The balance of my said property will be given to advance the cause of religion and promote the cause of charity, in such manner as my dearly beloved wife may think will be most conducive to the carrying out of my wishes." *Held*, that the testator gave the courts to understand that he had confided to his wife his purpose as to the particular church or charity he had in mind, and she being dead there is no such trust for a charitable or religious use created in the will as a court of chancery can enforce.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

AFFIRMED.

*J. W. Boyd* and *Brown & Dolman* for appellant.

(1) In support of the general rule that trusts for public charitable purposes are favored by the courts,

are always construed as valid where it is possible to do so, and are often upheld where private trusts would fail, see: Sappington v. Trustees, 123 Mo. 42; Hesketh v. Murphy, 36 N. J. Eq. 309; Jackson v. Phillips, 14 Allen 550; Handley v. Palmer, 103 Fed. 43; Stewart v. Easton, 74 Fed. 854; In re Willey (Cal.), 56 Pac. 550; Woodruff v. Marsh, 63 Conn. 136; Colt v. Comstock, 51 Conn. 377; Am. Academy, etc., v. Harvard College, 12 Gray 596. Although there is no express devise to the trustees, if, from the nature of the duties to be performed, it appears that the taking of an estate is necessary, the intention of the testator will be presumed; and when that intention is clear, an estate in the trustees will vest by implication. 1 Beach on Trusts, sec. 323; 1 Perry on Trusts, sec. 249; Fay v. Taft, 12 Cush. 450; Claypool v. Norcross, 42 N. J. Eq. 546; Hoeffer v. Clogan, 171 Ill. 467; Campbell, Ex'r, v. Clough, 71 N. H. 181. (2) The thing becomes a charity only when the uncertainty of the recipient begins. Uncertainty is an essential element of a valid trust for charity. For instance, a gift to a trustee to support a poor person would be a simple private trust, while if it was to support such poor persons of the State as the trustee might select, it would be a valid trust to a charitable use. Chambers v. St. Louis, 29 Mo. 590; Sappington v. School, 123 Mo. 41; Howe v. Wilson, 91 Mo. 51; Handley v. Palmer, 103 Fed. 43; Weber v. Bryant, 161 Mass. 403; State v. Griffith, 2 Del. Ch. 392; Hinkley's Estate, 58 Cal. 547; Pennoyer v. Wadhams, 20 Ore. 278; Hunt v. Fowler, 121 Ill. 281; Sowers v. Cyrenius, 39 Ohio St. 29; People v. Cogswell, 113 Cal. 136; Schleicher's Estate, 201 Pa. St. 612; D. & F. Missionary Soc. Appeal, 30 Pa. St. 535. In the following cases charitable trusts of precisely the same general character as that created by the Corby will have been sustained and enforced by the courts: Powell v. Hatch, 100 Mo. 592; Minno v. Billings, 183 Mass. 126; Salton-

stall v. Sanders, 11 Allen 446; Weber v. Bryant, 161 Mass. 400; Wells v. Doane, 3 Gray 203; Estate of Hinckley, 58 Cal. 457; Everett v. Carr, 59 Me. 325; Fox v. Gibbs, 86 Me. 87; White v. Ditson, 140 Mass. 351; Brown v. Kelsey, 2 Cush. 243; Claypool v. Norcross, 42 N. J. Eq. 545; In re Stewart's Estate (Wash.), 66 Pac. 148; Schouler, Petitioner, 134 Mass. 426. Also the following so nearly similar in facts as not to be distinguishable in principle: Howe v. Wilson, 91 Mo. 45; Sappington v. School Trustees, 123 Mo. 40; Barkley v. Donnelly, 112 Mo. 571; Chambers v. St. Louis, 29 Mo. 543; People v. Cogswell, 113 Cal. 129; Going v. Emory, 16 Mass. 107; Fay v. Howe, 136 Cal. 599; Board v. Culp, 151 Pa. St. 467; Miller v. Teachout, 24 Ohio St. 525; Quinn v. Shields, 62 Iowa 129; Haynes v. Carr, 70 N. H. 463; Grant v. Sanders, 95 N. W. 411; Attorney-General v. Wallace, 7 B. Mon. 611. These lists could be extended indefinitely. A devise "to advance the cause of religion" constitutes a valid charitable use. As said by Mr. Justice GRAY, in Fairbanks v. Lamson, 99 Mass. 533, "No object is more clearly charitable in the sense of the law, than the advancement of religion." Schmidt v. Hess, 60 Mo. 593; Miller v. Teachout, 24 Ohio St. 525; St. G. C. Soc. v. Branch, 120 Mo. 238; Jackson v. Phillips, 14 Allen 552; Simpson v. Welcome, 72 Me. 496; Bank v. Longfellow, 96 Mo. App. 392; Quinn v. Shields, 62 Iowa 129; Beckwith v. St. Phillips, 69 Ga. 564; 2 Perry on Trusts, secs. 687 and 701; Alden v. St. Peter's Parish, 158 Ill. 631; Mack's Appeal, 71 Conn. 135; Andrews v. Andrews, 110 Ill. 223; Attorney-General v. Wallace, 7 B. Monroe 611; Morville v. Fowle, 144 Mass. 110; Trafton v. Black, 187 Ill. 36; Hoeffer v. Clogan, 171 Ill. 462; John v. Smith, 91 Fed. 827; Pennoyer v. Wadhams, 20 Ore. 280; Hood v. Dorer, 107 Wis. 149; Gass v. Wilhite, 2 Dana 170. The support and propagation of religion is clearly a charit-

able use. 2 Pomeroy's Equity, 1021; Pennoyer v. Wadhams, 20 Ore. 281; 2 Perry on Trusts, sec. 701; Price v. Maxwell, 28 Pa. 23. Nothing seems to be better settled than that a bequest for the promotion of religious and charitable uses and enterprises is valid even though there be no trustee appointed to carry it into effect; and, in such a case, the heir at law or the executor, as the case may be, becomes the trustee, or one will be appointed by a court of equity. In such case charity is the substance of the gift and if the mode in which it shall take effect be inadequate, a court of equity will supply the deficiency. Brown v. Kelsey, 2 Cush. 243; Winslow v. Cummings, 3 Cush. 358; Washburn v. Sewall, 9 Met. 280; Burbank v. Whitney, 24 Pick. 146; Grand Prairie v. Morgan, 171 Ill. 452; Hoeffer v. Clogan, 171 Ill. 472; Schmidt v. Hess, 60 Mo. 595; Mo. Historical Soc. v. Academy, 94 Mo. 466; Matter of Upham, 127 Cal. 90; Carpenteria v. Heath, 56 Cal. 478; Howard v. Am. P. Soc., 49 Me. 302; Wilson v. Towle, 36 N. H. 129; Stevens' Estate, 200 Pa. St. 318; Frazier v. St. Luke's, 147 Pa. St. 246; Hood v. Dorer, 107 Wis. 153; Mormon Church v. United States, 136 U. S. 57; Sawtelle v. Witham, 94 Wis. 416; Brown v. Pancoast, 31 N. J. Eq. 325; 1 Perry on Trusts, sec. 249; Darcy v. Kelley, 153 Mass. 437; Bliss v. Am. Bib. Soc., 2 Allen 337; Pell v. Mercer, 14 R. I. 412; Wood v. Paine, 66 Fed. 809; St. Peter's Church v. Brown, 21 R. I. 367; Attorney-General v. Goodell, 180 Mass. 538; Chapin v. School Dist., 35 N. H. 445; Schouler, Petitioner, 134 Mass. 426; Fay v. Howe, 136 Cal. 599; Phillips v. Harrow, 93 Iowa 92; Campbell v. Clough, 71 N. H. 181; Bruere v. Cook, 63 N. J. Eq. 624.

*Eastin, Corby & Eastin* and *Scarritt, Scarritt & Jones* for respondent.

(1) (a) The will of John Corby has been fully construed by this court in Corby v. Corby, 85 Mo. 371. The

exact questions presented by this appeal were presented to the court in that case, and they have been decided adversely to appellant's claim. The will has been judicially interpreted and that interpretation will not be disturbed. Wilson v. Beckwith, 140 Mo. 359; Dunklin County v. Chouteau, 120 Mo. 577; Biglow v. Tilden, 65 N. Y. Supp. 140; Bright v. Esterly, 199 Pa. 88; Dugan v. Collins, 13 Md. 149; Henderson v. Rost, 11 La. Ann. 541; McCormick v. Bauer, 122 Ill. 573; Spencer v. King, 5 Ohio S. & C. P. Dec. 113; Nininger v. Carver County, 10 Minn. 133; Whitmore v. Cope, 11 Utah 344; Smith v. Eby, 56 U. S. (15 How.) 137; Mitchell v. Burlington, 71 U. S. 270; Levi v. Nitsche, 40 La. Ann. 600; Forwarding Co. v. Mahaffey, 36 Kan. 157; Long v. Long, 79 Mo. 644; Drug Co. v. Raymond, 59 Neb. 157.  (b)  The decision in Corby v. Corby was rendered twenty-two years ago. The parties and the public have acted upon it. It has become a rule of property and will be allowed to stand. Reed v. Owenby, 44 Mo. 204; Wilson v. Beckwith, 140 Mo. 359; Dunklin Co. v. Chouteau, 120 Mo. 577; Bennett v. Bennett, 34 Ala. 53; Linn v. Minor, 4 Nev. 462; Thomas v. Greenwood, 6 Ohio Dec. 639; Bank v. Alcorn, 53 Pac. 813; Brader v. Brader, 110 Wis. 423; Nickels v. Commonwealth, 23 Ky. Law Rep. 778.  (2)  That clause of the will which provides "that the balance of my said property will be given to advance the cause of religion and promote the cause of charity, in such manner as my dearly beloved wife may think will be most conducive to the carrying out of my wishes," does not constitute a valid gift to charitable uses.  First.  It is so vague and uncertain, so general and undefined, that the court will not attempt to enforce it. Corby v. Corby, 85 Mo. 371; Schmucker's Estate v. Reel, 61 Mo. 592; Briggs v. Penny, 3 De Gex, 7 Sm. 525; Corporation of Gloucester v. Osborn, 1 H. L. Cas. 272; Morice v. Bishop of Durham, 9 Ves. 399; Norcross' Adm'rs v.

Murphy's Ex'rs, 44 N. J. Eq. 552: Heiss v. Murphy, 40 Wis. 276; White v. Atty.-Gen., 39 N. C. 19; Bridges v. Pleasants, 39 N. C. 26; Webster v. Morris, 66 Wis. 366; Rizer v. Perry, 58 Md. 112; Owens v. Missionary Soc., 14 N. Y. 380; Reeves v. Reeves, 73 Tenn. 644; Carpenter v. Miller, 3 W. Va. 174; Board of Missions v. McMaster, Fed. Cas. 1586; Church v. Smith, 56 Md. 362; Goddard v. Pomery, 36 Barb. 546; Rose v. Hatch, 125 N. Y. 427; Fairfield v. Lawson, 50 Conn. 501; Williams v. Williams, 8 N. Y. 525. Second. The testator's wishes are not expressed in the will and are, therefore, no part of it. The court has no power to make a new will for him. Drake v. Crane, 127 Mo. 102; Howe v. Wilson, 91 Mo. 51; Schmucker's Estate v. Reel, 61 Mo. 598; Catlett v. Catlett, 55 Mo. 330; R. S. 1865, sec. 3, ch. 131; Corby v. Corby, 85 Mo. 397.

VALLIANT, P. J.—This is a suit in equity by the Attorney-General to establish and enforce what is alleged in the petition to be a trust for public charity created by the will of John Corby, deceased, who died in 1870 leaving a large estate, real and personal, leaving also a widow but no child or other descendant. It is claimed in the petition that by the will the widow was given a life estate in the whole property and the remainder was devised in trust for public charity. The will is copied in the petition in full, and the judgment to be pronounced in the case is to be based on the interpretation to be given the will.

This will came before this court some years ago for interpretation and the judgment of the court then was that the will gave the widow a life estate but made no disposition of the remainder, that is, that except as to the life estate to the widow, John Corby died intestate. [Corby v. Corby, 85 Mo. 371.] That suit was between the heirs at law of John Corby on the one side and the widow on the other; there was no party in

the case representing the general public, claiming that the will created a trust for public charity. After the decision in that case the heirs at law conveyed their interests in the estate to the widow, who thereupon assumed the absolute ownership of the whole property and, as the petition in this case states, sold large parts of the real estate, appropriated the proceeds to her own use and reinvested part of the same in other real estate, taking the title in her own name. The widow died in 1899 leaving the defendant, her sister, her sole heir at law.

The petition in this case, after setting out the will in full, states the plaintiff's theory of its legal effect, that is, that after the life estate to the widow the remainder was given in trust for charity; the defendant filed a general demurrer to the petition, the court sustained the demurrer, and plaintiff declining to plead further judgment for defendant was rendered and the plaintiff appealed.

The decision in Corby v. Corby, above mentioned, was rendered in 1884 — nearly twenty years before the filing of this suit. In view of the fact, as the petition informs us, that in those years there have been many sales and transfers of property belonging to the Corby estate we should be careful to say nothing in this case to impair titles taken on the faith of the decision in that case unless it becomes necessary in order to protect some interest that was not bound by that decision. What was decided therefore in that case, as between the parties to that suit and their privies, we will take as the law in this case and we will now consider only the question as to whether a trust for charity is created by the will.

The will is in these words:

"In the name of God, amen! I, John Corby, of the city of St. Joseph, county of Buchanan and State of Missouri, being of sound mind and clear memory,

and being fully aware of the uncertainty of life and the certainty of death, and being desirous of disposing of all my worldy goods and effects in such manner as I believe to be just and equitable, do declare the following to be my last will and testament.

"I do will and bequeath to my dearly beloved wife Amanda Corby, all my property of every kind that I am possessed of, both real, personal and mixed, including all my lands, lots, tenements, improvements, hereditaments wherever situated; also I do hereby will and bequeath to my said wife Amanda Corby, all of my money, notes, bonds, bank stock, insurance stocks, or any other evidence of debt and of money or property of every kind of character whatever, which I own or have any claim to, to have and to hold the same to her own use and benefit during her natural life, subject to the following conditions:

"First. That she will pay all of my just debts; secondly, that after providing for her own wants and comforts, I leave to the discretion of my dear wife to give to such of my relations such aid or assistance as my dear wife may, of her own will, think proper and just, hereby declaring that my relations have no claim of any kind upon me or upon any of my property, and anything that they may receive from my said wife, out of my effects, shall be in accordance with her sense of justice and in accordance with my wishes, the nature of which she has been advised by me during my life.

"Secondly. That the balance of my said property will be given to advance the cause of religion, and promote the cause of charity, in such manner as my dearly beloved wife may think will be most conducive to the carrying out of my wishes.

"Thirdly. For the purpose of enabling my dearly beloved wife to more effectually carry out my wishes in reference to the disposition of my property, as aforesaid, she is hereby authorized and empowered to lease,

sell or convey any of my said property, which she may think will be beneficial to said property, by leasing or selling the same.''

As was said in the former case commenting on the general frame of the will: ''It is said that this will was written by the testator himself. It is evidently the work of an unpracticed hand, and of a mind untrained to habits of precise and consecutive thought, or weakened by age or disease. It contains an abundance of legal terms and phrases, but the ideas expressed are indistinct and confused, and there is hardly a sentence in it that is not inconsistent with some other provision.'' After a labored consideration, with the aid of distinguished counsel, the only thing this court in that case could make out of the jumble was a life estate to the widow in all the property. One of the judges was of the opinion that in addition to the life estate there was a power of disposition given to the widow, but the majority held that as to the corpus of the estate John Corby died intestate.

At the end of the only clause in the will which purports to grant an estate are these words: ''subject to the following conditions.'' Then follow two paragraphs the first directing his debts to be paid and authorizing the widow to give as she may see fit of his estate to his relations, and, ''Secondly—That the balance of my said property will be given to advance the cause of religion and promote the cause of charity, in such manner as my dearly beloved wife may think will be most conducive to the carrying out of my wishes.'' It is upon that second paragraph that the plaintiff's case rests.

Gifts to charitable uses have always received favorable consideration in this court, as the cases cited by counsel for the plaintiff show. [Chambers v. St. Louis, 29 Mo. 543; Academy of Visitation v. Clemens, 50 Mo. 167; Schmidt v. Hess, 60 Mo. 591; Howe v. Wil-

son, 91 Mo. 45; Mo. Hist. So. v. Academy of Science, 94 Mo. 459; Powell v. Hatch, 100 Mo. 592; Barkley v. Donnelly, 112 Mo. 561; Sappington v. Trustees, 123 Mo. 32; Lackland v. Walker, 151 Mo. 210.]

The law is, as contended by counsel for plaintiff, that uncertainty as to the individual to whom the benefit may reach does not defeat the gift but on the contrary is one of the features that distinguish a public from a private charity.

It has been said that this distinction is illustrated in the Book of Ruth by the custom of the harvesters leaving at random in the field a sheaf for the gleaners who would come after, but not knowing which one of them would get the leaving. In that case although it was not known which individual would get the sheaf, yet it was known that a class of poor gleaners would come after the harvesters had passed; it was charity for that class that prompted the good deed and when one or some of that class received the benefit the purpose of the particular charity intended was effected.

But there are many objects of charity in every community, some of them are regarded with favor by one benevolent person and with disfavor by another. There are deserving poor and undeserving poor and whether one falls within one class or the other is often a matter of individual opinion.

A man who gives of his wealth to relieve the suffering of fellowmen of a class whom he regards as worthy is to be adjudged as actuated by a charitable intent, and that is so even though he especially limits his benevolence to that class. It is not necessary that a man's charity should be aimed impartially to all suffering mankind in order to credit him with a charitable intent, nor is he to be adjudged as having intended to bestow his bounty on every sufferer, without regard to class or condition, merely because he has manifested a charitable intent in a certain direction.

And what is here said of a charitable purpose is equally true of a religious purpose. There are many kinds of religion, and religious men are generally very particular about the kind. What is religion in the estimation of one is superstition in the estimation of another. There are men who give largely to the support of one church who would regard it as evil to aid the support of another. John Corby in this clause of his will which we are now considering says: "the balance of my said property will be given to advance the cause of religion," etc. What kind of religion—Catholic, or Protestant? The will does not say, yet it manifests an intent to advance the cause of religion, and if the chancellor should undertake to enforce that purpose he would have as broad a field to gather from as he would if he should undertake to carry out the charitable intent.

It is not every general intent that appears in a will that can be put into effect by a court of chancery. For example, the purpose to disinherit an only heir may clearly appear, the testator may say in his will that he gives him one dollar and he is to have no more of the estate, yet unless the testator wills the property to some one else the heir will take it under the Statute of Descents. So in the case at bar: though a general intent to advance the cause of religion and promote the cause of charity appear, yet in the absence of any provision in the will showing how that purpose is to be put into effect the court is powerless. If in such case it should undertake to designate the church or charity to be benefited it would assume to do for the testator what he did not do for himself.

But the testator did not express in this will an intent to advance the cause of religion and promote the cause of charity in general, but he indicated a purpose to advance the cause of some particular religion and promote the cause of some particular charity but

he left us without information as to the particular religion or the particular charity he had in mind.  He gives us to understand that he has confided his purpose in that respect to his wife and will be satisfied with whatsoever she may do.  How is the court to know whether or not the wife is carrying out those directions, or, if at her death the court should appoint another trustee, who is to instruct him in his duties?  The testator was not willing to put his property in a condition that a chancellor might give it to the advancement of any religious order he might select or any charity he might prefer.  He trusted that matter to his wife alone and as she is now dead no one can ever know what his wishes in that respect were.

It is unnecessary to say whether or not the wife had any power at all under that clause of the will, as no act of hers under it is in question here; it is sufficient to say that there is no such trust for a charitable use created in the will as a court of equity can enforce.

The judgment is affirmed.  All concur, except *Woodson, J.,* not sitting.