## WELLS et al. v. RICHARDSON et al.
### (No. 3172.)

(Court of Civil Appeals of Texas. Texarkana.
Feb. 12, 1926. Rehearing Denied.
Feb. 18, 1926.)

1. **Charities ⬳36—Trustees of property for use of lodge and churches had power necessary to discharge duty of devoting property to such purposes.**

Deed conveying land to trustees and their successors for lodge and church purposes imposed on such trustees, and their successors, duty to devote property to such purposes, and conferred power necessary to discharge such duty.

2. **Charities ⬳47—Court could appoint successors to trustees holding property for lodge and church purposes, in absence of provision for their appointment.**

Where deed conveyed land to "trustees and their successors" for lodge and church purposes, but made no provision for appointment of successors, district court had power to appoint them, rather than people of community or lodge.

3. **Charities ⬳47—Pleading in suit to determine conflicting claims of trustees not demurrable, and not excepted to, held to invoke court's power to appoint new trustees.**

In suit to determine conflicting claims of two alleged groups of trustees, both claiming to be successors to trustees appointed in deed conveying land for lodge and church purposes, defendants could not complain that court's power to declare that neither group was properly appointed, and appoint new trustees, was not invoked by proper pleadings, where such pleadings were not excepted to.

Appeal from District Court, Fannin County; Geo. P. Blackburn, Judge.

Suit by D. T. Richardson and others against Lee Wells and others. From an adverse decree, defendants appeal. Affirmed.

By a deed dated August 12, 1882, James Monks and Henry Black conveyed lots 1 and 2, block 10, in Monkstown, to Alfred Hart, Nixon Davis, and D. D. McDaniel, "trustees, and their successors," for the "benefit and use of the Masonic Lodge and for church purposes." No provision was made in the deed for the appointment of successors to the trustees named therein. After the deed was executed, but at what particular time does not appear in the record, people of the Monkstown community constructed a two-story building on the lots. The first story of the building was used for church purposes, and the second story was used by a Masonic Lodge—the Blue Prairie Lodge No. 488, it seems. The building was blown down at a time not specified. It was rebuilt by said lodge, or by it and people of said community, with the understanding that it should be used as it was used before it was blown down. Later, peo-

ple of said community constructed "a tabernacle for religious worship" on the lots, with the understanding among themselves that the tabernacle should "be under a board of trustees named by the Baptist, Methodist, Christian, and Nazarene denominations," and that such trustees should not "permit (quoting) the use of said tabernacle by Roman Catholics, Holy Rollers, Unknown Tongues and Mormon organizations." Still later, people of said community purchased a piano and certain lamps for use in said tabernacle. This suit was by appellees D. T. Richardson, D. R. Berneathy, and H. M. Merrill, as trustees named by said Blue Prairie Lodge No. 488, to take charge of and control the property above specified, against appellants Lee A. Wells, George Barton, and J. A. Hart, trustees for the same purpose named at a public meeting of people of said community, and against appellant Vin Wells and said lodge. It was for an injunction "commanding (quoting) all the defendants, except Blue Prairie Lodge No. 488, A. F. & A. M. to refrain from using or directing the use of the premises, or any of same, or in any way interfering with plaintiffs in their right to direct the way in which said property shall be managed." In a supplemental petition appellees asked the court, if he should hold there were "no legal trustees with authority to manage and control the property in controversy," to himself name and appoint trustees "with adequate and proper powers." The appeal was prosecuted by said Lee A. Wells, George Barton, J. A. Hart, and Vin Wells. It was from a judgment determining that neither said Lee A. Wells, George Barton, and J. A. Hart nor appellees were "trustees authorized to manage and control the property," and naming and appointing G. W. Morgan, W. N. Richie, and Jeff Emmons trustees "with (quoting) power and authority to manage and control the property described in the above-mentioned deed and all of the improvements now situated thereon, or that may hereafter be placed thereon, * * * to the end that the intention of James Monks and Henry Black as expressed in the above-mentioned deed may be carried out."

Wheeler & Leslie, of Bonham, and R. L. Lattimore, of Paris, for appellants.

Cunningham & Lipscomb, of Bonham, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] Construing the deed from Monks and Black to be one "donating real property for public, religious or charitable purposes" imposing no duty and conferring no power on the trustees named in it, appellants insist that it passed only a naked verbal title to said trustees, and that "the public (quoting) for whose benefit the donation was made had the right to select trustees and manage same as they saw proper, so long as the use

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and management were not in conflict with the purposes of the donation."

We do not agree that the deed imposed no duty and conferred no power on the trustees. On the contrary (the persons named as trustees consenting to act as such), we think a duty to devote the property to "the benefit and use of the Masonic Lodge and for church purposes" was imposed upon them, and that such power as was necessary to enable them to discharge the duty was conferred upon them.

[2] Had the donors provided how the successors of the trustees they named should be appointed, accepting successors appointed in that way would have been charged with a like duty and clothed with a like power. No such provision having been made by the donors in their deed, the court below exercised power he possessed when he determined that neither the persons named by the Masonic Lodge nor those named by peoople of the Monkstown community could be treated as lawful trustees, and when he appointed other persons trustees to hold the property and carry out the intention of the donors of the lots. 5. R. C. L. 359, and authorities there cited; authorities cited in note b to Ewell v. Sneed, 5 A. L. R. p. 326; 11 C. J. 332, and authorities there cited.

[3] Assuming, as appellants do in their briefs, and as we have in considering their contention, that the donation of the lots was a valid one for "public, religious or charitable purposes," we think there is no doubt the conclusion reached is correct, and that appellants have no right to complain of the judgment on the ground stated above, nor on the ground that if the court possessed power to appoint trustees as he did the power was not invoked by proper pleadings. The pleadings of appellees with reference to that matter were not excepted to in any way, and we think they were sufficient as against a general demurrer.

The judgment is affirmed.