JAMES V. ALLRED, ATTORNEY GENERAL, ET AL V. GEORGE BEGGS, JR., EXECUTOR.

No. 6814.   Decided June 12, 1935.
Rehearing overruled July 17, 1935.
(84 S. W., 2d Series, 223.)

*James V. Allred,* Former Attorney General, in pro per, *William McCraw,* Attorney General, *F. O. McKinsey,* Former Assistant Attorney General, *Earl Street,* Assistant Attorney General, *Will R. Parker,* District Attorney, and *Cecil C. Rotsch,* Assistant District Attorney of Tarrant County, *Brown & Brown, Goree & Rice,* all of Fort Worth, and *F. O. McKinsey,* of Austin, for plaintiffs in error.

By the terms of the will property of the proceeds therefrom are devised and directed to be divided, distributed and given to charities as such, and in particular localities, and thus the

will sufficiently designates the charities that are to take, and on the whole clearly shows that the intention of Mr. Farmer, the testator, was to create and set aside an estate for public charity and charitable uses. Such an instrument must be given a liberal construction and always in favor of the charities or charitable objects. 11 C. J., p. 307, sec. 12; Zollman's American Law of Charities, p. 67, sec. 103; 9 Tex. Jur., p. 53, sec. 5; In re Turner, 94 Kan., 115, 145 Pac., 871, Ann. Cas., 1916E, 1022; Dickey v. Volker, 321 Mo., 235, 11 S. W. (2d) 279.

The Attorney General, or the State acting through him, may bring suit to enforce and have executed a public trust. Staples v. State, 112 Texas, 61, 245 S. W., 639; Allen v. Fisher, 118 Texas, 38, 9 S. W. (2d) 731.

*W. H. Flippen* and *H. A. Turner*, both of Fort Worth, for defendant in error.

The Attorney General cannot sue to enforce a devise, unless it is a specific devise for public charity. Attorney General v. Soule, 28 Mich., 153; Hadley v. Forsee, 203 Mo., 418, 101 S. W., 59, 14 L. R. A. (N. S.) 49; 2 Perry on Trust (6th Ed.) sec. 732; 11 C. J., p. 301, sec. 5.

Where, in his will, testator makes no specific devise, but appoints an independent executor and directs him to distribute the estate as he, the executor, may deem best, the power thus imposed in the executor is that of a personal trust which the courts cannot delegate to any executor or trustee, nor to determine the purposes nor the beneficiaries who shall share therein, and if the executor does not execute the powers intrusted to him, the trust terminates, and testator's estate vests in his heirs at law. In re Estate of Grant, 93 Texas, 68, 53 S. W., 372; Roy v. Whitaker, 92 Texas, 346, 48 S. W., 892; Fontain v. Revenel, 58 U. S., 369, 15 L. Ed., 80; Heidenheimer v. Bauman, 84 Texas, 174, 19 S. W., 382.

The provision in testator's will that property should be sold within five years, was merely directory. Hale v. Hale, 137 Mass., 168; 2 Perry on Trust (6th Ed.) p. 795, sec. 490.

MR. JUSTICE CRITZ delivered the opinion of the court.

This is an appeal from a temporary injunction. It appears from the record before us that the Attorney General of this State filed a petition in the District Court of Parker County, Texas, against George Beggs, Jr., Individually and as Independent Executor of the Estate of Edward Disney Farmer, Deceased, and Edward W. Taylor, Gertrude Farmer, and Harry

T. Moore, "Bishop of the Protestant Episcopal Church of the Diocese of Dallas, in the State of Texas." No attempt is made to make the heirs of Farmer parties defendant. The petition is very long and complicated, comprising some 34 pages in the transcript. For the purposes of this opinion we make the following abridged statement of its allegations:

It is alleged that Edward Disney Farmer died on the 24th day of May, 1924, possessed of an estate consisting of real and personal property of the value of $1,700,000.00, or greatly in excess thereof; that the principal part of said estate was then and is now situated in Parker and Tarrant Counties, Texas; that said estate also owns property outside of the United States; that said Farmer left a written will; that said will appointed George Beggs, Jr., independent executor thereof without bond; that said will has been duly probated in the Probate Court of Parker County, Texas, the county having jurisdiction to probate same; and that George Beggs, Jr., now has possession of said estate as such executor.

The petition then alleges that the will revokes all other wills, and directs that the just debts of the testator shall be paid. The petition then purports to set out the pertinent portion of the will as follows:

"Item Second. I direct that all the estate and effects whatsoever and wheresoever, both real and personal, to which I may be entitled, or which I may have power to dispose of at my decease, (except . . . . .x x x . . . . property in Vancouver) be sold by my executor within five years after the date of my decease, for such consideration or considerations and upon such terms, whether for cash or part cash and the balance on credit, and subject to such conditions and in such manner in all respects as my executor shall think fit.

"Item Third. (This devises property in Vancouver to relatives, and is not involved in this proceeding).

"Item Fourth. I devise and direct that all the net proceeds from the sale of my estate as herein provided shall under the direction of my executor, with the advice of my said sister, Gertrude Farmer, be divided and distributed and given to such charities and worthy objects as they, my executor and my sister, shall determine, remembering, however, the City of Ft. Worth, in Texas, the City of Vancouver in British Columbia, Parker County, in Texas, and England, places to which I have become attached. It is my intention to write to my said sister, indicating to her any special friends, charities, and worthy objects I may wish my executor with her advice to provide for,

but all such provisions shall come out of my own estate and not from the estate herein devised to her. I desire my executor to pay particular and careful attention to the advice of my sister in the distribution of my estate, and to relieve her of all business worries pertaining thereto.

"Item Fifth. I direct that my executor, George Beggs . . . . . x x x ↓ . . . . shall receive as his compensation for acting as executor of my will a commission of two and one-half (2 1/2) per cent on the sale prices on all sales of property of my estate up to the sum of Fifty Thousand Dollars in commissions on such sales, and in addition thereto the further sum of five (5) per cent on all amounts collected as rents from said estate. . . x x . . And if said commissions of two and one-half (2 1/2) per cent on said sales do not amount to as much as Fifty Thousand Dollars, then an amount sufficient to make the sum received by said George Beggs Fifty Thousand Dollars shall be paid to him out of other monies belonging to my estate, it being my intention that the said George Beggs shall receive as his compensation for acting as executor of my will the full sum of Fifty Thousand Dollars in addition to five (5) per cent of all rents collected by him.

"Item Sixth. (Directs that no action be taken in the probate court other than the probate of will and the return of inventory and appraisement).

"Item Seventh. I authorize and empower my executor, if and whenever in the settlement of my estate and in carrying out of my wishes as herein expressed he deems it advisable at his discretion to sell the whole or any part of my real or personal property at public or private sale and upon such terms and subject to such conditions and in such manner in all respects as he shall think fit, and to execute and deliver all deeds, instruments of transfer and other writings necessary or proper to pass title thereto, but this provision shall in no way alter my direction that all of my estate, real or personal, except said building and lot in Vancouver, British Columbia, Canada, shall be sold by my executor within five years from the date of my decease.

"Item Eighth. (Nominates George Beggs as executor without bond).

"Item Ninth. I further direct that should my executor, with the advice of my said sister, Gertrude Farmer, decide that they should give away any of my property in kind to any charity or for any purpose they may consider worthy, then they shall have the right to do so, and such property shall not be

sold by my executor as herein directed."

After setting out the above will the petition alleges that the executor has violated its terms and conditions in numerous particulars. A decision of the law questions involved in this appeal does not absolutely require that we detail these alleged violations. It is sufficient to say that it is alleged that Beggs violated such will:

1. By disregarding its direction to consult with Gertrude Farmer, the sister of the testator.

2. By disregarding and disobeying the provisions of said will requiring him to sell the property belonging to said estate within five years.

3. By attempting to convey property to Bishop Moore after the five year period had expired, and in violation of the will.

4. By conveying property to Edward W. Taylor in such a way as to violate the terms of the will.

5. By mingling the funds of the estate with his own funds, and in such a way as to unlawfully profit for himself.

6. By generally failing and refusing to carry out the terms and conditions of the will.

The prayer to the petition is as follows:

"WHEREFORE, your petitioner prays that citation issue to the said George Beggs and Edward W. Taylor, and Harry T. Moore, Bishop of the Protestant Episcopal Church of the Diocese of Dallas, State of Texas, and for service thereof as required by law, and that as to the said Gertrude Farmer that she having as an heir relinquished and abandoned her rights, as alleged, that citation is not requested for her at this time, and only in the event that it should develop that she is a necessary party to this suit.

"That the said George Beggs be divested of all interest in said estate and that he be restrained and enjoined from selling or offering for sale, or disposing of, or pledging or otherwise hypothecating or using the properties and funds of said estate until the further orders of this court, and that the court make and enter restraining order and writ of injunction as herein prayed for; that the said George Beggs be further restrained and enjoined from contracting or agreeing to pay, and/or from pledging the assets, moneys and/or revenues of said estate, or agreeing to pay counsel employed by him to defend his acts and conduct in this case from said properties and/or moneys, rents and revenues except only as the use and/or employment of such properties and/or funds to secure such a contract and to pay the services of attorneys engaged by him may on ap-

plication be authorized and approved by this court.

"That a Receiver or Receivers be named and appointed to take possession of the properties, moneys, books and records of said estate, and management and control thereof, and to take over the possession, management and control of said estate and its properties, and the handling of same until the matters involved in this suit may be determined, or until the further orders of this court, with the authority to said Receiver and/or Receivers to file and bring such suits, action or proceedings as may be necessary to secure and reduce to possession the properties and moneys of said estate, and with directions to said receiver and/or receivers to make and execute rental contracts of and on the property of said estate, and do and perform all other and necessary acts in the premises for the protection and conservation of said estate and its properties for those interested or who may be ultimately determined to be interested in said estate.

"That the Court make such order and enter such decree as may be proper and necessary to secure a full and complete accounting of the properties of said estate, and the management thereof, in, for and during the time that the said George Beggs has undertaken to handle the same, and further and if found proper or necessary that an audit of the books and accounts and properties of said estate be authorized and directed to be made.

"That the Court make such order and decree herein for notice to charities that may be interested, as will authorize and permit the charities and worthy objects in the communities of Fort Worth and Tarrant County, and of the communities of Weatherford and Parker County, and of Vancouver, British Columbia, and of England, as specified in said will, to appear and plead their claims, rights and interests and that they are such charities or objects as were and are entitled to participate in the distribution of said estate and to benefit therefrom as provided in said will; and if proper or necessary that the Court designate a Special Master to hear the facts and report on such claims and interventions as may be filed, and for such authority as may be requisite and necessary to fairly and finally determine the charities and worthy objects entitled to take under said will.

"And finally, that the Court authorize and direct the distribution of said estate or parts thereof or the use of its properties and revenues for the benefit of charities and worthy objects entitled to take, and that the court within a reasonable

time make and order said distribution and direct the use and employment of the properties of said estate and/or revenues for the purpose and as specified in said will, under its orders, direction and supervision that it take over, manage and dispose of said property and from time to time make such use thereof for charities and worthy objects as was and is contemplated by said will, and that in the handling of said estate if found expedient that your Receiver apply to this court from time to time and as required for authority and directions in said administration.

"That the said George Beggs, his agents and representatives be restrained and enjoined from in any manner interfering with the possession, control and management of said estate as taken over by this court or committed to Receiver or Receivers appointed by it and that all right, interest, claim or authority of the said George Beggs in and to said properties or any part thereof be annulled and divested out of him.

"That this court from time to time and as may be proper and requisite make further orders, judgments and decrees herein that there may be necessary for a full and complete accounting of the management of the said estate, and for the delivery over of its properties and assets as herein prayed for, and for judgment against the said George Beggs individually for such sums and amounts as may be determined, that he is indebted to said estate, and for such other and further orders, general and special, legal and equitable as your Petitioner and/or said beneficiaries may be entitled to, and that justice and equity may be done."

On March 12, 1934, after the above petition was filed, the District Court, in chambers, and without notice, entered the following order:

### "In Chambers.

"It is ordered that the defendant George Beggs, Jr., individually and as executor of the will of Edward Disney Farmer, be, and he is hereby, directed and required to prepare and file herein on the return day of the next term of this court, to-wit, on Tuesday, the 3rd day of April, A. D. 1934, a complete, detailed and itemized inventory of the property that has come into his hands belonging to said estate and his disposition and dealings therewith, as follows:

"(1) An itemized statement and inventory of all property belonging to the estate of the said Edward Disney Farmer which has come into his possession, either as temporary administrator or executor of the will of said Farmer, since the

death of the said Farmer, together with the appraised value thereof.

"(2) A report and statement of the real estate belonging to said estate which he has sold or otherwise disposed of, together with the purpose and terms of each such sale and the consideration for the sale of each separate item of such property, whether such consideration consists of cash, note or notes, or other thing of value; and if any note or notes have been or were received by said Beggs for the sale of any such property, to state what has been done with the same; that is, whether collected, and which have been collected; and if sold, which have been sold and for how much, and if any such notes are on hand and uncollected, give a detailed statement of such and state for what property same was received.

"(3) A detailed and itemized statement of all moneys, credits or other thing or things of value which have been received by the said defendant George Beggs, Jr., in his handling and administration of said estate as a part of said estate as it originally existed, or as rentals from said estate and interest on notes, securities, bonds or other obligations due and belonging to said estate.

"(4) An itemized statement of all expenditures or disbursements of money or property that has come into his hands as temporary administrator or as executor of said estate which belonged to said estate; to whom each and every such disbursement was made and the amount thereof, including all sums of money or property received or retained by him as compensation.

"(5) Said defendant George Beggs, Jr., by said report, will make a complete accounting of said estate and show the present condition of said estate, each item of property of said estate or that came into his hands from said estate, the description and value of same, and the cash and all property of every description now on hand and belonging to said estate.

"Said defendant George Beggs, Jr., will file such inventory and report in this court and in this cause, under oath, on the 3rd day of April, A. D. 1934."

On March 21, 1934, the District Court entered the following temporary injunction order:

"Upon the petition of the State of Texas filed herein, and in accordance therewith, it is ordered that the Clerk of the District Court of Parker County, Texas, issue a writ of injunction in all things as prayed for in such petition, restraining the defendant, George Beggs, Jr., from selling or in any way

disposing of any property belonging to the estate of Edward Disney Farmer, of which estate he is executor by appointment of the County Court of Parker County, Texas, including real estate, personal property of any kind or character, and restraining him from paying out or disbursing any cash or assigning or transferring any notes, bonds or other property which have come into his hands by virtue of his being administrator or executor of the estate of the said Farmer, or that have come into his hands or possession by virtue of any dealings or transactions with or concerning said estate or any part thereof; and also restraining the said George Beggs, Jr., from further acting or discharging any of the duties or privileges as executor of the will of said Farmer, or from doing any act or things as such executor, until the further order of this court; except in so far as it may be necessary to preserve the estate."

1 The defendant, George Beggs, Jr., duly perfected his appeal from the above orders, to the Court of Civil Appeals at Fort Worth. That court reversed the judgment of the District Court and dissolved the injunction. 73 S. W. (2d) 599. The Attorney General brings error. We treat the appeal as from the temporary injunction issued on March 21, 1934. In this connection, it is our opinion that the order of March 12, 1934, supra, is not an injunction, but merely an interlocutory order, and not appealable. The order of March 21, 1934, is clearly a temporary injunction. It is therefore appealable.

2 Before determining the issues of this appeal, we deem it expedient to announce certain well established applicable rules of law. They are as follows:

1. Before a court of equity is authorized to interfere to enforce a charitable trust, its jurisdiction must be invoked by some party authorized to initiate the proceeding. The court cannot act on its own initiative. 11 C. J., p. 366, §83.

2. The Attorney General may invoke the powers of a court of equity to enforce a trust for public charity. 11 C. J., p. 367, §84; Id., p. 368, §90; Attorney General v. Benjamin Soule, 28 Mich., 153. In this connection, it is held that before the Attorney General is authorized to sue to enforce a charity, it must be so public in nature or character as to be of interest to the entire public or the public in general. A charity for the orphan children of a state is a public charity, but a charity for the orphan children of deceased Masons, Odd Fellows, Baptists, Catholics, etc., of a state is not a public charity. Phila-

delphia v. Masonic Home, 160 Pa., 572, 28 Atl., 954, 23 L. R. A., 545, 40 Am. St. Rep., 736; Troutman v. DeBoissiere, etc., 66 Kan., 1, 71 Pac., 286.

3. When a fund or property is so given that it may or may not be used for charity, or may or may not be used for a charitable object of a public character, without violating the directions of the will, the case is not one for enforcing the gift as a charity in a suit by the Attorney General. Attorney General v. Soule et al., 28 Mich., 153; Perry on Trusts & Trustees, 6th ed., Vol. 2, p. 1164, §711. These authorities could be multiplied, but they are sufficient.

4. If a testator leaves his estate to charity generally, but authorizes his executor to determine for what charitable purposes it shall be used, and to select the beneficiaries thereof, and the will contains no other definite manner of selection, the trust is a personal one, and a court of equity does not have jurisdiction to determine the purpose or select beneficiaries. Langley v. Harris, 23 Texas, 565; Perry on Trusts & Trustees, 6th ed., Vol. 2, p. 1184, §721; Id., p. 1211, §731; Fontain v. Ravenel, 58 U. S. (17 How.), 369, 15 L. Ed., 80; Gambell v. Trippe, 75 Md., 252, 23 Atl., 461, 15 L. R. A., 235; Hadley v. Forsee, 203 Mo., 418, 101 S. W., 59, 14 L. R. A. (N. S.), 49; Tilden v. Green, 130 N. Y., 29, 14 L. R. A., 33, 27 Am. St. Rep., 487. In this connection, it is held that chancery courts in this country exercise judicial powers only. Powers not judicial exercised by the Chancellor in England merely as the representative of the Crown, and by virtue of the King's prerogative as parens patriae, are not possessed by our equity courts. Fontain v. Ravenel, supra; Perry on Trusts & Trustees, 6th ed., Vol. 2, p. 1186.

5. A provision in an instrument of gift for the execution of a power within a specified time is generally construed as directory only, unless it appears that the donor intended that time should be of the essence of the power conferred. 49 C. J., p. 1284, and notes.

3 It is our opinion that when the above will is read in the light of the above rules, it conclusively appears that the Attorney General is without power to prosecute this suit; and, further, it just as conclusively appears that the District Court is without jurisdiction to grant the relief sought by such officer's petition.

We have already shown that a court of equity cannot interfere to enforce a charitable trust, unless its jurisdiction has been invoked by some person or party having authority to initi-

ate the action. In other words, the person or party initiating the proceeding must have some interest in the subject matter of the suit, or he must have power to bring it by virtue of his office. The Attorney General only has power to bring such a suit when the trust or donation is to public charity only.

When we come to construe this will from its four corners, it becomes evident that it is not a donation to public charity only,—indeed, it is not even a donation to charity only. By "Item Sixth" of the will the testator selected George Beggs as independent executor, without bond. The will does not create a testamentary trustee in the sense that the legal title to the estate is bequeathed to the executor. It merely names Beggs as independent executor, and leaves the final distribution or disposal of the estate to his personal judgment and discretion, advised by the sister. By "Item Second" it is provided that the estate shall be sold by Beggs within five years after the death of the testator, upon such terms and conditions, and for such considerations, as the executor should think proper. By "Item Fourth" it is directed that the net proceeds of the estate, under the direction of the executor, with the advice of the sister, Gertrude Farmer, should be divided, distributed, and given to *"such charities and worthy objects as they, my executor and my sister, shall determine."* This item then enjoins that the City of Fort Worth, Texas; the City of Vancouver in British Columbia; Parker County, Texas; and England shall be remembered. By this the testator clearly meant that charities and worthy objects in such places should be remembered. "Item Fourth" then recites that the testator intended to write his sister, *"indicating to her any special friends, charities, and worthy objects I may wish my executor with her advice to provide for."* "Item Ninth" provides, *"that should my executor with the advice of my said sister, Gertrude Farmer, decide that they should give away any of my property in kind to any charity or for any purpose they may consider worthy, then they shall have the right to do so, and such property shall not be sold by my executor."* These provisions leave no room for construction. There is not even a remote inference in the will that the donation thereby made was intended as a gift to public charity only. Such a construction would not only find no positive support in the instrument, but would absolutely contradict it. In this connection, it will be noted that the will never uses the word *public* with the word *charities*. Plainly, this shows that the testator did not intend to compel his executor to give the estate, or any part thereof, to public charity

only. It will further be noted that the will never uses the word *private* in connection with the word *charities*. Plainly, this shows that the testator did not compel his executor to give this estate, or any part thereof, to private charity only. The executor was simply given the authority to give the estate to charity,—public or private.

4 When we consider this will further, we find that it does not even confine the executor to charities in making distribution of this estate. This is evident because the will provides that the executor may give the estate to *"worthy objects"* and even to the *"friends"* of the testator. There are many worthy objects that are not public. Also, there are many worthy objects that are not charitable, public or private.

A further reading of this will discloses that while it authorizes the executor to use this estate for charity, it just as plainly authorizes it to be used for worthy objects other than charity, at the personal discretion of the executor. In this respect it is evident that the will creates a purely personal trust in the executor. This was done by providing in plain and certain language that he should decide and select the charities and worthy objects to benefit by this estate. Such a trust cannot be transferred to another, or be exercised by a court of equity. The petition in the District Court seeks to have that court take charge of this estate and select and decide the charities and worthy objects to benefit thereby. Such a procedure would be to substitute the will of the court for the will of the testator. The laws of this State will not permit such a procedure.

5 It appears that this will provides for the sale of the properties of this estate within five years after the death of the testator. There is nothing in this will to lead to the conclusion that such provision was intended as of the essence of the powers conferred on the executor.

6 It appears from the petition that the executor has given certain of the properties of this estate to Bishop Moore, in his official capacity, for the use and benefit of the Protestant Episcopal Church. We are unable to see how this violates the terms of the will. "Item Ninth" of the will authorizes gifts in kind to charity and worthy purposes. Certainly it cannot be said that a gift to this church is not to a worthy purpose.

The judgment of the Court of Civil Appeals, which dis-

solves the temporary injunction granted by the District Court, is affirmed.

Opinion delivered June 12, 1935.

Rehearing overruled July 17, 1935.