**TAYSUM et al. v. EL PASO NAT. BANK et al.**

**No. 4896.**

Court of Civil Appeals of Texas. El Paso.

Nov. 5, 1952.

Rehearing Denied Dec. 3, 1952.
Second Motion for Rehearing Denied
Jan. 14, 1953.

Burges, Scott, Rasberry & Hulse, El Paso, for appellants.

Andress, Lipscomb & Peticolas, El Paso, for appellees.

Price Daniel, Atty. Gen., and V. F. Taylor, Asst. Atty. Gen., for the State.

PRICE, Chief Justice.

This action was instituted by El Paso National Bank, of El Paso, Texas, in its capacity as executor of the estate of Emma H. Schellenger, deceased. Said Bank will be hereinafter designated as Executor. The defendants were Elsie Hamer Taysum and numerous other heirs of Mrs. Emma H. Schellenger, deceased. Such defendants will be hereinafter designated as heirs. Among the other defendants were the Hon. Price Daniels, in his capacity as Attorney General of the State of Texas, J. Mayo Lenz, and Texas Western College and its president, W. H. Elkins. The executor in its action sought the construction of the will of Mrs. Schellenger, deceased, and specifically as to whom the residue of the estate was payable when the specific legacies therein created and the moneyed legacies had been satisfied; for a complete declaration as to the trust sought to be created as to the residue of the estate. The defendant heirs of the testatrix sought delivery of the residue of the estate to them in their right as heirs. The trust averred by the executor and attempted to be created was assailed as invalid on numerous grounds. The Attorney General in substance plead on behalf of the State that a valid public charitable trust was created by the will. W. H. Elkins and Texas Western College were dismissed from the suit, as was likewise defendant J. Mayo Lenz.

Trial was to the court without a jury; the judgment in substance was that a valid, public charitable trust was created by the will of Emma Schellenger. The judgment quotes the provision in the will which is the basis of the controversy herein, which provision is as follows:

"The residue of my estate, after burial expenses have been paid, as well as taxes, and costs of administering my estate have been paid, I wish to be used to set up a research foundation in electricity, and so to carry on the work done by my husband while he was alive. This foundation to be named in his honor, and I leave the decision as to where it shall be located and how it shall be operated to J. Mayo Lenz of

Chicago, Illinois, and also to Floyd C. Best of Elkhart, Indiana."

The Court specifically found that said clause of said will evidenced the intention by the testatrix to leave the residue of her estate for a charitable purpose and it was ordered and adjudged that said clause and the entire will of Emma H. Schellenger as admitted to probate in El Paso County, Texas, created a valid and enforceable charitable public trust. The judgment denied all relief to the defendant heirs of the testatrix.

The judgment further recites that J. Mayo Lenz had refused to accept the trusteeship under the will; that Floyd C. Best was now deceased but before his decease he had likewise refused to accept trusteeship under the will. The judgment further recites it appears to the court that under the will of Emma H. Schellenger, J. Mayo Lenz and Floyd C. Best were appointed Trustees, and the said J. Mayo Lenz has refused to accept the trusteeship under said will, and Floyd C. Best is now dead and prior to his death had refused to accept the trusteeship under said will; it is ordered, adjudged and decreed that the said El Paso National Bank, of El Paso, Texas, be and is hereby appointed Trustee under the will of Emma H. Schellenger, deceased, for the purpose and with the power and authority to act as Trustee under the residuary clause of the will of Emma H. Schellenger, deceased, and to carry out the intent of said will, and especially as expressed in the residuary clause thereof.

The defendants, the heirs of Mrs. Schellenger, have perfected this appeal from the judgment of the court.

The averments of the pleadings of the Executor and of the parties defendant need only be briefly stated. The executor sets up the will and its probate in El Paso County, pleads a compliance with the directions of the will as to the payment of costs and the money therein provided for, averred something like $100,000 on hand, to which the residuary clause of the will applies, and avers that by the residuary clause a public, charitable trust was created. The defendants perfecting this appeal plead that the trust alleged by the executor to have been

created by the residuary clause was invalid in that it was vague, indefinite, and for this reason could not be enforced; that the will did not disclose a charitable purpose on the part of testatrix, and hence violated the law as to perpetuities. The Attorney General asserted in his pleadings on behalf of the State that a valid public, charitable trust was created by the residuary clause of the will.

The testatrix died on the 13th day of March, 1947. She was the widow of Newton C. Schellenger. Her husband had, during his lifetime, been engaged in the business of selling and devising instruments for devoting electrical energy to various purposes. He had patented some of these devices. The will gave substantial money legacies to various persons. These money legacies amounted to approximately $71,000. Trifling legacies were left to various other persons, then there is the residuary clause which was alleged to have created the trust herein involved. Such residuary clause has been heretofore set forth. The will was duly probated in El Paso County, and said Bank was appointed executor thereof.

Twelve points of error are urged as entitling appellants to a reversal of the trial court's judgment. These points are interrelated, and act and react on each other. If what is said does not cover each point urged specifically it is intended that each thereby be disposed of.

It is asserted that the alleged trust must fail because the will fails to disclose a charitable purpose on the part of the testatrix; further the language of the will is too vague and indefinite to disclose the purpose and intent of the testatrix with reasonable certainty, and hence must fail. It is thought as an essential element of any trust, be it charitable or otherwise, is the vesting of the legal title to property in a trustee, to the end that the purposes of the settlor be realized.

■ In case of testamentary trust, before the will has legal effect it must of course be admitted to probate. The admission of the will to probate may not be sufficient to constitute a trust enforceable in law. If the beneficiaries are specified and the purposes for which the property is to be devoted declared, then in a proper case a court of equity has the power and duty to appoint a trustee, to the end that the purposes of the testator as to his property be carried out. Woods v. Bell, Tex.Civ.App., 195 S.W. 902, (wr. ref.); Lightfoot v. Poindexter, Tex.Civ.App., 199 S.W. 1152, (wr. ref.); Wells v. Richardson, Tex.Civ. App., 280 S.W. 608; Powers v. First National Bank of Corsicana, 138 Tex. 604, 161 S.W.2d 273.

■ Let us first examine the residuary clause to determine whether a beneficiary or beneficiaries are named therein. The testatrix says:

"The residue * * * I wish to be used to set up a research foundation in electricity and to carry on the work done by my husband while he was alive."

Now in case of a public charitable trust the beneficiaries may be indefinite, in fact it is one of the distinguishing elements of such a trust. An indefinite section of the public at large may be benefited thereby. Bell County v. Alexander, 22 Tex. 350, 351; Clevenger v. Rio Farms, Inc., Tex.Civ. App., 204 S.W.2d 40, (w.r.n.r.e.).

■■ Incident to a correct disposition of this appeal is deemed the determination of whether or not the residuary clause discloses a charitable intent. It is deemed elementary and seems to be conceded by the parties that to justify the judgment of the trial court the language used in the clause in question must be sufficient to form the basis of a public charitable trust. The meaning of the term "charity" in this country is not narrow and restricted. In the case of Paschal v. Acklin, 27 Tex. 173, 174, loc. cit. 199, it is said:

"And although the relief of the poor, or a benefit to them in some way, is in its popular sense a necessary ingredient in a charity, this is not so in view of the law, by which it is defined to be, 'a gift to a general public use', which extends, or doubtless may do so, either to the rich or the poor." See also Lightfoot v. Poindexter, Tex.Civ.App., 199 S.W. 1152, writ denied; Powers v. First National Bank of Corsicana, Tex.

Civ.App., 137 S.W.2d 839, affirmed, 138 Tex. 604, 161 S.W.2d 273; Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326.

In short, property devoted to the relief of poverty of an indefinite portion of the public; advancement of religion, education or science, may be said to be devoted to a public use, provided, of course, that the application be not for the prime purpose of financial gain.

■■ The clause in question confines the use of the property to a research foundation in electricity. It does not literally provide that such activity shall not be pursued for private profit. Its manifest effect is to deprive her heirs of all right and interest in the property. No one is named to receive financial benefit from the electrical research sought to be fostered. The matter is not entirely free from doubt, in such circumstances the construction which will give it effect will be adopted and that which would defeat it rejected. Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497, loc. cit. 503 (7, 10), 168 A.L.R. 1326 and cases cited, we hold that a charitable purpose is declared by the clause; the beneficiary of the charity the human race; the benefit sought to be conferred a knowledge of truth.

The will attempts to confer on Lenz and Best therein named the power to determine the means by which the end sought—electrical research—is to be achieved. Lenz and Best are to determine where the foundation is to be located and how it is to be operated.

The power attempted to be conferred is broad and general. There is this limitation, however, the money is to be used for the promotion of electrical research, used, it is true, in a manner to be determined by Lenz and Best. There is no provision as to how the benefits realized from electrical research are to be made available to the public. It seems that this could be accomplished by making the results available to the public by their disclosure.

Since the alleged creation of the trust conditions have changed. Best is dead, and Lenz has declined to act. The trial court determined Lenz and Best were named as trustees under the will. They are not expressly named as such—if the will has this effect it must be arrived at from a construction of the language used. There is absent from the clause any words conveying title or inchoate title to Lenz and Best. If the intention was to vest title it must be inferred through a power to decide where and how the trust was to be administered. Lenz declining to exercise the power sought to be conferred, Best being dead, the question arises did the court have the power to name a trustee to carry out the trust as created by the will?

■■ It is a general rule of equity that a trust will not fail for lack of a trustee; if a trustee be named and refuses to act or the instrument attempting to create a trust fails to name a trustee, the court will appoint a trustee to carry out the manifest intent of the settlor. Woods v. Bell, supra; Lightfoot v. Poindexter, supra; Wells v. Richardson, supra. This being the case it is not deemed absolutely essential to determine whether or not Lenz and Best were named as trustees. A public charitable trust will not lapse through the failure of an enforcement medium. Morse v. First Nat. Bank, Tex.Civ.App., 194 S.W. 2d 578, loc. cit. 582 (6).

In our opinion the will manifests an intention to create a public charitable trust, that any other construction would thwart the intention of the testatrix.

■ We come now to a determination of the question as to whether or not the testatrix has manifested her intention with reasonable certainty as to how the same is to be carried out. Lenz and Best would determine the location for the foundation of the trust. This does not seem to be such an essential and fundamental part of the trust that it could not be discharged by a trustee appointed by the court. A more serious matter is presented by the question as to how this fund was to be administered. There seems to be no question that the testator, or settlor of a trust, may leave the trustee a wide discretion as to the mode of realizing the end sought.

If Lenz and Best were legally invested with this authority, the question then arises, is a trust the manner of the administration of which is entrusted to the El Paso National Bank, the executor herein, the same as one the decision of the manner of administration of which is entrusted to Lenz and Best?

█ The will confines the use of the money to the pursuit of electrical research. This provision is binding on the court, binding on Lenz and Best had they qualified or otherwise provided for the application of the residuary fund tŏ the end authorized. In Bogert Trust & Trustees, Vol. 2, p. 1221, it is stated:

"The powers of charitable trustees are usually not held to be personal unless clearly made so by the settlor. The action when the settlor desires one man only, or one group of men only to select the beneficiaries or perform other acts of administration and charity must be comparatively rare. If the powers were personal the life of the trust is limited to the life or lives of the trustee or trustees. By making powers personal the settlor runs a risk of having his plan frustrated by the premature death of one or more trustees. Usually the judgment of a substitute selected by the court will accomplish substantially as good results as that of the trustee." See also Gidley v. Lovenberg, 35 Tex.Civ.App. 203, 79 S.W. 831, writ denied; Morse v. First State Bank of Galveston, Tex.Civ.App., 194 S.W.2d 578, (w.r.n.r.e.) and authorities there cited.

█ █ It is our holding that (a) a valid public charitable trust was created by the will; (b) it is not too indefinite for enforcement; (c) the powers conferred or attempted to be conferred on Lenz and Best were not personal and might be exercised by a trustee appointed by the court; (d) the court did not apply the cy pres doctrine but appointed a trustee to carry out, the trust as declared in the will. Paschal v. Acklin, 27 Tex. 174; Gidley v. Lovenberg, 35 Tex.Civ.App. 203, 79 S.W. 835; Powers v. First National Bank of Corsi-

cana, 138 Tex. 604, 161 S.W.2d 273, Opinion by Alexander, Judge, Tex.Civ.App., 137 S. W.2d 839; Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326 and authorities there cited; 168 A. L.R. 1350 note. In this note there are cited several authorities deemed to have bearing on the issues herein discussed. 163 A.L.R. 784 Comment note—Charitable gifts, definiteness.

Errors are assigned that the court applied the cy pres doctrine and through a trustee sought to approximate the end to which the testatrix desired her property to be devoted.

It is deemed too elementary to require the citation of authority that under the cy pres doctrine the trust to be administered is declared by the court. Here the court neither creates nor defines any trust. It is true it declares the trust created by the testatrix and appoints a trustee to carry out the purpose and intent of the testatrix as declared in the will.

It is ordered that the judgment of the trial court be in all things affirmed.

On Appellants' Motion for Rehearing.

Careful and painstaking consideration has been given appellants' motion for a rehearing. In the motion is a request that this case be set again to be argued orally. This request is denied on the ground that it will delay the speedy disposition of the appeal.

There is one matter that we shall briefly discuss in passing on this motion for rehearing. Appellants state in their brief:

"* * * and we challenge this honorable court to point out to us wherein this case differs from the holding in Allred v. Beggs, 125 Tex. 584, 84 S. W. 2d 223, 228."

We did not comment or discuss this case because in our opinion it in reality had no bearing here. The following appears in the course of the opinion, which we take it is relied on to sustain the statement as to the holding or decision in the case:

"When a fund or property is so given that it may or may not be used for charity, or may or may not be used for a charitable object of a public character, without violating the directions of the

will, the case is not one for enforcing the gift as a charity in a suit by the Attorney General."

Item 4 of the will that was before the Supreme Court in that case was as follows:

"I devise and direct that all the net proceeds from the sale of my estate as herein provided shall under the direction of my executor, with the advice of my said sister Gertrude Farmer, be divided and distributed and given to such charities and worthy objects as they, my executor, and my sister, shall determine * * *."

Item 9:

"I further direct that should my executor, with the advice of my said sister, Gertrude Farmer, *decide that they should give away any of my property in kind to any charity or for any purpose they may consider worthy* (emphasis ours) then they shall have the right to do so, and such property shall not be sold by my executor as herein directed."

The court had before it a will which was specific in authorizing the devotion of the property to other than charitable purposes.

In this case the residuary clause of the will certainly does not specifically confer authority to devote the property to other than charitable purposes, in fact, under our construction of the clause it restricts the use of the property to a public charitable purpose, not in so many words, but in our opinion it admits of no other construction. The testatrix hardly had in mind the naming of the foundation provided for in honor of her deceased husband if it was to support a commercial enterprise. In our opinion the residuary clause of the will discloses a noble intent to establish a public charitable trust for the benefit of humanity in memory of her deceased husband. It, in our opinion, is an expression of a charitable intent rather than an adumbration thereof.

Referring again to the case of Allred v. Beggs, we are under the impression that counsel in its statement as to the decision in Allred v. Beggs, supra, has failed to distinguish between dictum and decision. However, according the statement the respectful consideration it is due as dictum

appearing in an opinion of the Supreme Court, we do not think that our holding conflicts therewith. The instant residuary clause in our opinion does not permit the use of the property for anything but a public charitable purpose.

Again referring to the case of Allred v. Beggs, in the course of the opinion of the Supreme Court in the case of Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497, 499, loc. cit. 505–506, 168 A.L.R. 1326, it is said:

"Petitioners rely on Allred v. Beggs, 125 Tex. 584, 84 S.W.2d 223, in support of many of their contentions. What that case determined was that the Attorney General could not sue to remove an executor for a claimed abuse of discretion when the will empowered the latter to devote the decedent's estate to 'such charities and worthy objects' as the executor and the decedent's sister might select. Since the will expressly allowed the executor to deliver the estate to 'worthy objects' which might not be charitable at all, it was held that the trust was not an exclusively charitable one and the Attorney General could not under these circumstances intervene to inquire into the exercise of the executor's discretion. The general language in that opinion, upon which petitioners chiefly rely, does not, when rightly understood, announce principles contrary to our disposition of this case."

Under the provisions in the will before the court in the case of Allred v. Beggs, the doctrine expressio unius est exclusio alterius does not apply. It is expressly excluded therefrom. In the instant case the provision of the will under construction does not exclude the application of the doctrine, but calls for the application thereof.

The motion further complains that our opinion conflicts with various decisions of Courts of Civil Appeals, including City of Haskell v. Ferguson, Tex.Civ.App., 66 S.W. 2d 491; Powers v. First National Bank, Tex.Civ.App., 137 S.W.2d 839; also with various decisions of the Supreme Court including Allred v. Beggs, 125 Tex. 584, 84 S.W.2d 223; Boyd v. Frost National Bank,

145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326, and Powers v. First National Bank of Corsicana, 138 Tex. 604, 161 S.W.2d 273. The motion fails to disclose wherein we so conflict. Each of the cases above enumerated has been carefully considered and in our opinion what we said in our decision in no way conflicts.

It is ordered that appellants' motion for rehearing be in all things overruled.