Fannie ZWEIG et al., Appellants,

v.

L. ZWEIG et al., Appellees.

No. 12785.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 19, 1955.

Rehearing Denied Feb. 16, 1955.

Boone, Davis, Cox & Hale, Owen D. Cox, Corpus Christi, for appellants.

Herman Glosserman, San Antonio, Fischer, Wood, Burney & Nesbitt, Corpus Christi, John Ben Shepperd, W. V. Geppert, Marietta McGregor Payne, Austin, for appellees.

NORVELL, Justice.

Fannie Zweig, independent executrix, brought this suit to construe the will of D. Zweig, deceased, and presented the contention that the ninth clause of the will was null and void because it was indefinite and uncertain and violated the rule against perpetuities. This clause purports to establish a trust to be administered by certain named trustees, with a provision for successor trustees. The duration of the trust is fixed by the following provision:

"Said trustees and their successors in trust shall hold and administer such fund from the time when same comes into their hands and until twenty-one (21) years after the death of the last of the trustees named, *at which time the trustees then acting, may, if they elect to do so, and can legally do so, extend the time of such trust for a period of time within their discretion.*"

The objective sought to be served by the trust was stated as follows:

"The main purpose of creating this trust fund is to provide for the making of loans out of same to aid those persons who are related by blood to D. Zweig and those who are descendants of L. Cohen, brother-in-law to Fannie Zweig. And said trustees, and their successors in this trust, shall have the right, at their discretion and within their judgment, to make loans to any of said classes of persons up to the sum of One Thousand ($1000.00) Dollars without security, and up to Five Thousand ($5,000.00) Dollars upon what they consider to be adequate security. The rate of interest to be charged those so borrowing from said fund shall be the same as that which the trustees are receiving on that part of the fund which is invested in securities as above provided. While the purpose of this trust fund is to aid all of the needy members of the classes of persons above named, and each of said persons is eligible to receive loans from said fund, yet none of said persons shall ever as a matter of right demand a loan therefrom, it being my intention that the making of loans from said fund shall be wholly within the discretion of the trustees acting at the time of the application for a loan."

The will also provided that:

"At the expiration of this trust and at the time when same is finally dissolved and wound up the trustees then acting shall divide and pay over onehalf of the trust fund then remaining between the kinspeople of D. Zweig, who may be in need of same, to be decided by said trustees; and the other half of said fund then remaining shall be paid over by said trustees to such deserving Jewish charitable institutions as may then be selected by the trustees acting."

The trial court held that the ninth clause did not violate the rule against perpetuities and was not too indefinite and uncertain to be carried out by the trustees. The independent executrix has appealed. The appellees are the trustees named in the ninth clause, various beneficiaries under the will, relatives of the testator and the Attorney-General of the State of Texas.

It is necessary to determine when the trust involved terminated under the provisions of the ninth clause of the will. "The rule against perpetuities renders invalid any will which attempts to create any estate or future interest which by possibility may not become vested within a life or

lives in being at the time of the testator's death and twenty-one years thereafter, and when necessary, the period of gestation." Henderson v. Moore, 144 Tex. 398, 190 S. W.2d 800. Except for the words above italicized, the trust would have terminated within twenty-one years after the death of the surviving named trustee, a time within the limit prescribed by the rule. Did the addition of the italicized phrase render the trust void? Undoubtedly it would except for the proviso, "and can legally do so," used in connection with the stated plan for a possible extension of the trust. It is appellant's contention that the will should be first construed as if the rule against perpetuities had no existence, and that the trust created by the will should then be tested by the rule. Shenandoah Valley National Bank of Winchester v. Taylor, 192 Va. 135, 63 S.E.2d 786, 25 A.L.R.2d 1104. It is further pointed out that a somewhat similar, although not identical, proviso as to legality was contained in the will construed in Brooker v. Brooker, 130 Tex. 27, 106 S.W.2d 247, but was not regarded as significant by the Supreme Court.

■ The Brooker case is not regarded as controlling here, and we are not in disagreement with the rule of construction laid down by the Virginia case cited, but when a will specifically refers to the law in order to embody the same as a part of the terms of a testamentary declaration, it seems that there is no good reason for not giving effect to such provisions. In Fitchie v. Brown, 211 U.S. 321, 29 S.Ct. 106, 107, 53 L.Ed. 202, the Supreme Court of the United States considered a will in connection with the common law rule against perpetuities, which contained the following provision:

"The balance, residue, or remainder of my estate is to be placed in trust for as long a period as is legally possible, the termination or ending of said trust to take place when the law required it under the statute."

It was held that as the will disclosed an intention that the trust should terminate,

the reference to the statute or the law as prescribing the time of termination did not render the trust invalid.

■ From the will before us it appears that the testator intended that the trust should terminate. The time for termination was definitely set at twenty-one years from the death of the surviving named trustee. For the trust to extend beyond that period, two things must occur, namely, the acting trustees at that time must agree to extend the term of the trust, and the law as it shall exist at that time must recognize such extension as valid and legal. Such a provision cannot violate the rule against perpetuities. If Article 1, Section 26, of the Constitution, Vernon's Ann.St., or some similar provision of law be in force at the time set for the original termination of the trust, its term cannot be extended under the terms of the will. If such article or the basic common law upon which it is predicated be abrogated or superseded by another rule of public policy, the trust might possibly be extended in accordance with such legal rules as may be in existence at that time. The fact that a relaxation of the rule against perpetuities at some future time may seem unlikely would not operate to strike down the trust.

■ We are further of the opinion that clause ninth of the will was not invalid for uncertainty. While the trust is in existence its stated "main purpose" is to provide for the making of loans to those related by blood to the testator or his wife's brother-in-law, L. Cohen. In connection with these loans a wide discretion is vested in the trustees, but this does not invalidate the trust.

A similarly broad discretion is vested in the trustees upon the termination of the trust. The trustees are directed to "divide and pay over one-half of the trust fund then remaining between the kinspeople of D. Zweig, who may be in need of the same, to be decided by said trustees; and the other half of such fund then remaining shall be paid over by said trustees to such deserving Jewish charitable institutions as may then be selected by the trustees acting."

Sections 120 and 121 of the American Law Institute's Restatement of the Law of Trusts, together with pertinent comments thereunder, read as follows:

"Sec. 120.   Members of a Definite Class.

"The members of a definite class of persons can be the beneficiaries of a trust. * * * ·

"c.   Power of Selection by a Trustee. A trust may be created for the benefit of the members of a definite class of persons although by the terms of the trust the trustee is authorized to select which of the members of the class shall take and in what proportions.   This is true whether the trustee has discretion only as to the proportion of the trust property which each member of the class is to receive or has discretion to exclude some members of the class altogether.

"d.   Who can enforce the trust.   If a trust is created for the members of a definite class and the trustee commits or threatens to commit a breach of trust, a suit in equity can be maintained by any member of the class to redress or enjoin the breach of trust, although the trustee has power to select which members of the class shall take and although he has not yet exercised the power.   Each member of the class is a beneficiary of the trust until he has been excluded by the exercise of the power of selection in favor of other members of the class.   The mere fact that a member of the class may ultimately take nothing does not prevent him from maintaining a suit to redress or enjoin a breach of trust since each of the beneficiaries is in this position, and if nine could maintain a suit the trustee might commit a breach of trust with impunity.   * * *

"Sec. 121.   Relatives.

"There can be a trust of which the beneficiaries are the relatives of a designated person among whom the trustee is authorized to select who shall take and in what proportions.

"a.   Application of the rule.   If a trust is created for the benefit of the 'relatives' of a designated person, a question of construction may arise.   * * *   Ordinarily such a class is indefinite since the identity of all individuals comprising its membership is not ascertainable.   * * *

"A trust for the benefit of the relatives of a designated person, however, does not fail if the trustee has power to select who among them shall take and in what proportions.   In such a case the trustee may select any member or members of the class in accordance with the terms of the trust, whether or not they are next of kin of the designated person.   If the trustee fails to make a selection among the relatives of the designated person, the property will be divided among the next of kin of the designated person in the proportions determined by the statute of distributions unless the transferor properly manifests a different intention."

See also, Moskowitz v. Federman, 72 Ohio App. 149, 51 N.E.2d 48; Geisinger v. Geisinger, 241 Iowa 283, 41 N.W.2d 86.

▇ Similarly, the vesting of a power in the trustees to select "deserving Jewish Charities" does not render the clause invalid for indefiniteness.   Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326.   These broad and discretionary powers must of course be exercised in good faith, 54 Am.Jur. 142, or a court will intervene to correct an abuse of authority or provision of the trust, as well as to compel action when the trustees wilfully refuse to act in accordance with their prescribed duty, 54 Am.Jur. 228, but the vesting of such powers in trustees does not render the trust void for uncertainty.

The judgment appealed from is affirmed.