Harvey **RENTZ** et al., Appellants,

v.

**FIRST NATIONAL BANK IN CORSICANA** et al., Appellees.

No. 3653.

Court of Civil Appeals of Texas.

Waco.

June 25, 1959.

Rehearing Denied July 16, 1959.

Butler, Binion, Rice & Cook, Jack Binion and John L. McConn, Jr., Houston, for appellants.

Roe, Ralston & McWilliams, Mays & Jacobs, Corsicana, J. W. Hassell, Jr., Dallas, Will Wilson, Atty. Gen., Mary K. Wall and James H. Rogers, Asst. Attys. Gen., for appellees.

WILSON, Justice.

This action is to test the validity of the following clause of a will:

"At the death or deaths of my sisters and my three nicces—I direct all the property be held in trust by First Nat. Bank Corsicana as a charitable trust."

The trial court determined that this language created a valid and enforceable charitable trust. Appellants say the provision is void for uncertainty because (1) it does not empower anyone to select from the broad field of charity the specific purposes of the trust, or the beneficiaries; and (2) it gives no directions as to application or administration of the fund.

The law in Texas on this question is contained in Boyd v. Frost Nat. Bank, 145 Tex. 206, 196 S.W.2d 497, 498, 168 A.L.R. 1326. It sustains the trial court's decision.

The only material difference in that case and this is that the will in the Boyd case expressly authorized the trustee to select beneficiaries "in its absolute discretion", and provided that all net income should be paid to those selected. The Supreme Court held that "a bequest to charity generally, coupled with the appointment of a trustee able and willing to serve and empowered to select the charitable objects to which the trust funds are to be devoted, is a valid testamentary disposition."

The omission of restrictions on freedom of choice of the fiduciary in selection of beneficiaries or specific purposes points as clearly to the intent of the testatrix here to invest authority as words expressly confer-ring discretion. The same is true of the power to apply and administer the fund, which is implicit in the will. "It has occasionally been held that a charitable trust is too vague for enforcement, unless the settlor *expressly* gives the trustees power to select the cestuis and expressly prescribes the manner of administering the trust in detail. Most decisions manifest a much more liberal attitude toward the attempted charity. They *imply* an authorization to the trustees to choose the beneficiaries and to decide upon plans for carry-ing out the settlor's benevolence." Powers v. First Nat. Bank of Corsicana, Tex.Civ. App., 137 S.W.2d 839, 843, affirmed 138 Tex. 604, 161 S.W.2d 273, quoting II Bogert, Trusts and Trustees, p. 1117, Sec. 366.

The settlor here exhibited confidence in the trustees' discretion. The final clause in her will made it more emphatic: "In order that there may be no misunderstanding as to the authority over my estate I repeat that I name First Nat. Bank Corsicana as trustees and executors * * *." The broad chancery power of the courts of this state is adequate safeguard that the discretion will not be abused.

The will has been duly probated. It is stipulated the trustee is able and willing to act. The clause in question is valid and enforceable, Restatement, Trusts, p. 1136, Sec. 364; p. 1189, Sec. 396; p. 476, Sec. 186; II Perry, Trusts, 7th Ed., p. 1252, Sec. 732; 54 Am.Jur. Trusts, p. 230, Sec. 289; 4 Pomeroy Equity, 5th Ed., Sec. 1029, p. 54, Sec. 1062a, p. 172; 3 Scott, Trusts, p. 1966, Sec. 364; p. 2064, Sec. 396; Zollman, Charities, Sec. 433, 437; 163 A.L.R. 824; 3 Page, Wills, 3d Ed., p. 595, Sec. 1232; 14 C.J.S. Charities § 40, p. 480. In the language of the Boyd case, "We conclude that her will should not be frustrated merely because she failed to go into a multitude of detail in establishing this trust."

The judgment is affirmed.