**Will WILSON, Attorney General of Texas, et al., Appellants,**

v.

**Hazel Lyons FRANZ et al., Appellees.**

**No. 5511.**

Court of Civil Appeals of Texas.

El Paso.

Aug. 1, 1962.

Rehearing Denied Sept. 12, 1962.

Will Wilson, Atty. Gen., Ben M. Harrison and Mary K. Wall, Asst. Attys. Gen., Austin, Wolff & Wolff and Rudy Rice, San Antonio, for appellants.

C. Stanley Banks and John E. Banks, San Antonio, for appellees.

CLAYTON, Justice.

This is an appeal from the findings of the 73rd District Court of Bexar County, Texas, in a declaratory judgment action brought by plaintiff Hazel Lyons Franz, as Administratrix with the Will Annexed of the Estate of Alice M. Lee, Deceased, for the construction and determination of the validity of a portion of the will of the decedent reading as follows:

"* * * my home furnished to be carefully sold to realize as much as possible, & blind & crippled to share same. My mtgs. I hold & my stocks I leave to needed charity. My 100 acres of land in Okla to go to most needed charity."

In connection with these particular provisions or bequests, the plaintiff's petition recites:

"* * * the will makes no mention of and does not identify the particular individuals or charitable organizations entitled to receive the same. The bequests do not name nor provide for a trustee or trustees to distribute such bequests, or to select the party or parties entitled to benefit therefrom. Insofar as the Plaintiff is concerned, such provisions are too vague and indefinite for her to carry out without instuctions from this Court."

Will Wilson, Attorney General of Texas, was joined as a party defendant to the action,

"* * * in view of the fact that one of the official functions of his office is to represent the public in connection with the enforcement of charitable trusts. Further, he has informed the plaintiff that it is his position that said last will and testament creates one or more charitable trusts and that he believes he is a necessary party to this action. If the position of the Attorney General be correct as to the construction to be placed upon the will, further questions are presented as to how such charitable trust or trusts shall be carried out and executed, by whom, and the selection of beneficiaries thereunder would have to be provided for in some manner."

The other parties defendant are all the heirs at law of the decedent, who took the position that the wording of the quoted provisions or bequests is too vague, indefinite and uncertain to create a valid charitable trust or trusts, among other asserted reasons for the invalidity thereof.

Trial was to the court without a jury upon a stipulation of facts and written briefs. The court found: (1) that the por-

tion of the will reading "my home furnished to be carefully sold to realize as much as possible, & blind & crippled to share same" created a valid and enforceable charitable trust, and the court appointed Hazel Lyons Franz as Trustee to administer the same; and (2) that the portions of the will which attempted to bequeath and devise the decedent's mortgages and stocks "to needed charity" and the 100 acres of land in Oklahoma to "most needed charity" were invalid and said property was apportioned among decedent's heirs at law.

Referring to the parties as they appeared in the trial court, defendant Attorney General Will Wilson appealed the latter part of the court's judgment and defendants-heirs appealed the portion of the judgment validating a charitable trust and appointing a trustee. These appeals were taken to the Court of Civil Appeals for the Fourth Supreme Judicial District at San Antonio and were transferred to the Eighth Judicial District at El Paso by order of the Supreme Court of Texas for the purpose of equalizing the docket.

The Attorney General predicates error on the part of the trial court in holding invalid the testamentary provisions relative to "needed charity" and "most needed charity" and in failing to appoint a trustee to administer these provisions. The heirs urge error in the court's upholding the bequest to "blind and crippled" because such bequest is too vague, general and indefinite, that it fails to name a trustee to administer the trust (if a trust was intended, which it does not state) fails to specify any type of plan or give any definite details to determine the true intent of the testatrix and fails to designate her intended beneficiaries with sufficient certainty or to designate a sufficiently certain and definite class so as to create a valid charitable trust.

The language of the will in its entirety fails to employ the word "trust" or similar terminology; it does not name a trustee nor set out a plan or scheme for the administration of a trust, and does not desig-

nate intended beneficiaries except as above indicated. If these be valid objections to the will, they are applicable to the entire will, but more forcefully, indeed, where the objects of the bequests are described as "needed charity" and "most needed charity", than to those described as "blind and crippled", the former terms being generic and general in nature, covering a number of charitable purposes, while the term "blind and crippled" was intended to designate two specific groups of individuals that are proper objects of charity. We therefore will turn our attention first to part (2) of the court's rulings and the objections leveled against it by the Attorney General, since if it be determined that the will is sufficient to establish a public charitable trust when the general and generic terms are used, certainly the will is sufficient to establish such a trust for the specific groups named.

The difficulty in determination of this matter does not arise from the use of the general terminology. It seems to be the settled law in this state that a will attempting to establish a general charitable trust is not, by reason alone of the failure to specify the charities which are to be the recipients of the bequest, invalid. This is the holding of the Texas Supreme Court in Boyd v. Frost Nat. Bank, 145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326 (1946), in which a careful and exhaustive review of authorities is to be found. This decision was the basis for the holding in Rentz v. First National Bank in Corsicana, 325 S.W.2d 958 (Tex.Civ.App., 1959) in which writ was refused.

But it is pointed out that in both of these cases a trustee was appointed with either express or strongly implied authority to work out the details of the trust. It is argued that the holding in these two cases is founded upon the designation of a trustee whose discretion the testator could rely upon for the proper administration of the trusts, a designation lacking in the present case. It appears that there is no Texas decision which has passed squarely upon the question of the validity of a will which fails

both to designate a gift as a "trust" or to name a trustee for its administration. However, we find language in Texas cases that may serve as a guide in determining the matter at hand. Powers v. First Nat. Bank of Corsicana, 138 Tex. 604, 161 S.W.2d 273, in a Commission of Appeals opinion adopted by the Supreme Court, uses the following language:

> "Charities like those specified by Mrs. Hofstetter are held in such high regard by the law that the rules of construction are more liberal to sustain them than they would be if the gifts were to individuals. * * *
>
> "* * * public charity trusts are particular favorites of courts of equity, which are quick to protect and enforce them."

This language is quoted in the Civil Appeals opinions of Baer v. Dallas Theater Center, 330 S.W.2d 214 (1959) and Haynes v. Henderson, 345 S.W.2d 857 (1961).

Turning to recognized authorities on the subject of Trusts, the following is quoted:

2A Bogert, Trusts and Trustees, ¶ 371, p. 77:

> *"Gift to charity with no trust*
>
> "The third and fourth classes, mentioned above, present the further complication that no trust is expressly created. The gift is 'to charity', or 'to the poor and other charities.' No trustee is named to make a selection. It would not seem that this should be a vital objection, but it affords a new ground of hostility for some courts. As previously shown, equity never lets a trust fail for want of a trustee, whether the trust be private or charitable and whether the want of a trustee appear at the beginning of the trust or at a later period. If equity is convinced in these cases that a trust was intended, there should be no hesitation in appointing a trustee and permitting him to make the selection of particular objects. And it

would seem reasonable to hold that a gift to charity, without more, was meant to be a case of trust. Such a donation cannot take effect otherwise. As a voluntary transfer of the *legal* interest in realty or personalty, it would fail for lack of a named or identified donee. The donor should be presumed to know the law and not to desire to do an ineffectual thing. He should be interpreted as meaning that there should be a trust for charity, or for the poor and other charities, and that the court should nominate a trustee to carry out his wishes."

Vol. IV, Scott on Trusts, (2d Ed.) ¶ 397, p. 2782:

> *"Direct gift to charity.* Where a testator leaves property directly to purposes of charity, without using language indicating that the property is to be held in trust, the disposition does not fail, but the court will appoint a trustee to hold and dispose of the property for the intended objects. Thus where a testator leaves a sum of money 'to the poor,' the bequest will be treated as a gift in trust to assist the poor, although in form the gift was made directly to the poor; and the court will appoint a trustee to administer the trust or will frame a scheme for the application of the legacy to the intended purpose.
>
> "Similarly, a direct bequest 'to charity' is valid."

Second Restatement of the Law, Trusts 2d, ¶ 397, p. 286:

> "d. *Where no trustee named.* If the owner of property devises or bequeaths it upon trust for a charitable purpose, the intended charitable trust is not invalid because of his failure to name a trustee. In such a case the court will appoint a trustee if no method of selecting the trustee is provided for in the terms of the trust, and if the testator did not manifest an intention that his executor should also be trus-

tee. This is true not only where the testator designated a particular charitable purpose, but also where the property is devised or bequeathed for charitable purposes generally. In the latter case the court will order the framing of a scheme and will appoint a trustee to administer the trust for the purposes fixed in the scheme * *."

"e. *Direct gift to charity.* If the owner of property devises or bequeaths it for charitable purposes, and not only does not name a trustee but also does not use language indicating that the property is to be held upon trust, nevertheless the disposition is valid. Thus, if a testator bequeaths a certain sum 'to charity', a charitable trust is created. So also, a charitable trust is created where the testator directs that a certain sum should be used to aid needy students, or to assist the poor.

"In such cases the court will either appoint a trustee to carry out the purpose or will approve a scheme to carry it out."

Without attempting to review the decisions in other jurisdictions, let it be said that the comments of the above-quoted authorities on Trusts more nearly reflect the sympathetically disposed attitude of Texas courts toward public charity trusts as expressed in Powers v. First Nat. Bank of Corsicana, supra, than do those foreign decisions which hold otherwise. It is believed that the absence in Texas of a statute which in many other states supplies the deficiencies often found in the language employed in intended testamentary trusts should not serve to defeat the obvious ultimate result intended by the donor.

█ Applying the foregoing observations to the case at hand, we hold that the use of the word "charity" in the will evidences a clear intention on the part of the testatrix to establish a "trust" for charitable purposes. The qualifying words "needed" charity and "most needed" charity impose a limitation upon the discretion of the administrator of the trust, but do not present insuperable obstacles to its proper administration or an effective supervision of the administration by the courts. The word charity itself is broad enough to include many public uses. 11 Tex.Jur.2d 693, Charities; Page on Wills, Bowe-Parker Revision, Vol. V, Ch. 41, p. 173, Charitable Trusts; Second Restatement of the Law, Trusts 2d, ¶ 368, p. 246. It is a plausible conclusion that the testatrix here intended that among these uses the person entrusted with the disbursement of her beneficence would select those which, from the standpoint of need, were more entitled to receive the same.

█ We are unable to agree that the failure of the testatrix to name a trustee for the administration of the charitable trust which we believe to have been established by her will is a sufficient ground to invalidate the same. It is seen from the various authorities on Trusts quoted above that where the owner of property devises or bequeaths it upon trust for a charitable purpose, the intended charitable trust is not invalid because of his failure to name a trustee. In Taysum v. El Paso Nat. Bank, 256 S.W.2d 172 (Tex.Civ.App., 1952, wr. ref.), it is stated:

"It is a general rule of equity that a trust will not fail for lack of a trustee; if a trustee be named and refuses to act or the instrument attempting to create a trust fails to name a trustee, the court will appoint a trustee to carry out the manifest intent of the settlor. (Citing authorities). * * * A public charitable trust will not lapse through the failure of an enforcement medium."

In Morse v. First Nat. Bank of Galveston, 194 S.W.2d 578, (Tex.Civ.App., 1946, no wr. hist.), the trustee named to administer a public trust died before the testatrix. The heirs of the decedent claimed that the decedent having named a trustee, she had clearly expressed an affirmative intention to vest in him personally the power to administer her charities and distribute

the fund as he, personally, might see fit; that he having predeceased the testatrix and therefore being unable to exercise his personal judgment in the distribution of the fund, it was beyond the power of a Texas court to vest this personal power in some other person to be named by the court, and that the bequest had lapsed. The appellate court has this to say:

"It may be, as appellants argue, that no Texas appellate court has directly decided, upon the legal equivalent of the same state of facts, this precise question; but it is thought that our courts generally have laid down rules, from persuasively analogous situations, as controlling inquiries so near to the one here involved that the trial court's holding is a legitimate legal inference therefrom; in other words, under our system, this bequest having been a valid one outstandingly inherent in a discriminative and unambiguous will in its entirety, should not be held to have failed, merely because the person named by the testatrix to distribute the property to a specifically designated public charity predeceased the testatrix; but that, on the contrary, the trust was not a personal one in the sense that only the individual person named could administer it, but a clearly specified one for a public charity, hence should be upheld under the broad principles of equity jurisprudence." (Citing numerous authorities).

If our courts are empowered, in the case of a public charitable trust and under the above circumstances, to name a trustee different from the person named by the settlor, we can see no reason why our courts cannot name a trustee where none has been named in the will. We hold that our courts are so empowered.

We stated at the outset that if it were determined that the will in this case is sufficient to establish a public charitable trust when the general and generic terms "needed charity" and "most needed charity"

were employed, it would be sufficient to establish such a trust with regard to the specific class of "blind and crippled". It is our holding that the indicated will is valid and its wording sufficient in both instances.

■ In summary, we hold: (1) that the portion of this will reading "my home furnished to be carefully sold to realize as much as possible, & blind & crippled to share same" created a valid and enforceable charitable trust, and the judgment of the trial court in this respect, and in the appointment of Hazel Lyons Franz as Trustee to administer the same, is affirmed; and (2) that the portions of the will reading "My mtgs. I hold & my stocks I leave to needed charity. My 100 acres of land in Okla to go to most needed charity" also created valid and enforceable charitable trusts, and the court's holding to the contrary is reversed and in this respect rendered, but this cause is remanded for the appointment by the trial court of a trustee to administer the latter two trusts.

Affirmed in part and reversed and rendered in part, and remanded for further action in accordance with this opinion.