Waggoner CARR, Attorney General of the
State of Texas, Appellant,

v.

Doris Goodrich JONES, Appellee.

No. 14815.

Court of Civil Appeals of Texas.

Houston.

May 12, 1966.

Rehearing Denied June 2, 1966.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., J. Arthur Sandlin, Harold G. Kennedy, Scott Garrison, Asst. Attys. Gen., Austin, for appellant.

Dibrell, Dibrell & Greer, Roland L. Bassett, Galveston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment invalidating a testamentary trust created by the will of Henrietta Ord Jones.

By the tenth paragraph of this will, the residue of the estate of Henrietta Ord Jones was devised and bequeathed to certain trustees, who were directed to (1) "* * * provide for the maintenance and operation of the Anna Maxwell Jones Garden * *" and (2) "* * * also provide for the establishment and maintenance of a park or garden or other suitable memorial in memory of * * * John Maxwell Jones."

By deed dated December 8, 1938, Henrietta Ord Jones conveyed the property known

as the Anna Maxwell Jones Garden to a trustee for the use and benefit of the Galveston Civic League "so long as the hereinafter described real property is used and maintained by the Galveston Civic League as a park or garden to commemorate the memory of its founder, Anna Maxwell Jones * * *."

After the probate of the will in question, this property which was never formally dedicated to public use, was conveyed by the trustee to the estate of Henrietta Ord Jones. The only evidence concerning the nature of the use made of this property is found in the affidavit of W. E. Holt. He states that since 1924 the Garden has been (1) "open to the public" and (2) "kept as a public park." This property is described as being the South One-half (½) of Lot One Hundred Ten (110) of Section One (1) of the Trimble and Lindsey Survey of Galveston Island, Galveston County, Texas.

There is an affidavit by appellee establishing that she qualified as a trustee of the trust in question and participated in the action of the trustees in maintaining and caring for the Anna Maxwell Jones Garden and that the trustees donated certain land to the City of Galveston to be used as part of the Municipal Golf Course as a memorial to John Maxwell Jones.

The will imposes no time limitation upon the duration of the trust. Unless it was created exclusively for charitable purposes, it is clearly void as a violation of the rule that indestructible private trusts of unlimited duration are unconstitutional. Article 1, Sec. 26, Texas Constitution, Vernon's Ann.St.; Brooker v. Brooker, 130 Tex. 27, 106 S.W.2d 247.

In Boyd v. Frost National Bank, 1946, 145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326, the court considered at length the question of what constitutes a charitable purpose and quoted with approval the classification found in II Restatement, Trusts, § 368, p. 1140:

" 'Charitable purposes include

(a) the relief of poverty;

(b) the advancement of education;

(c) the advancement of religion;

(d) the promotion of health;

(e) governmental or municipal purposes;

(f) other purposes the accomplishment of which is beneficial to the community.' "

In Bogert, Handbook of the Law of Trusts, 4th Ed., pp. 167–168, this comment is found:

"There is an important class of charitable trusts which do not fall within the subdivisions previously mentioned. They are sometimes called 'governmental' trusts. Although their limits are not clearly defined, they involve benefits to all the inhabitants of a community by making life there safer, more comfortable, or happier. To some extent they supplement the work which governmental agencies do or could perform.

" * * *

"Further illustrations of these charitable trusts may be found in trusts to repair bridges and highways, to provide a fire engine and fire house, to assist a fire company to aid a life-saving station, to provide a fountain for furnishing drinking water or for ornamental purposes, and to construct a children's playhouse and playground in a public park.

"Trusts for laying out and improving streets, planting shade trees, beautifying grounds, constructing or improving parks, making agricultural or horticultural improvements or providing municipal improvements, are valid charitable trusts, because of their enhancement of human comfort and happiness and the aesthetic pleasure which they give the residents of the cities or towns concerned."

It would appear, therefore, that a trust set up for such purposes as the crea-

tion or maintenance of parks or gardens for the use or enjoyment of the public generally would constitute a trust for a purely charitable purpose. Here the trustees have been directed to provide for the maintenance and operation of the garden. It was open to the public at the time the trust was created. The trustees were directed to operate the garden and it will be presumed that they will so operate it as to ensure that its benefits enure to the public generally. This purpose of the trust in question, therefore, must be classified as purely charitable. Boyd v. Frost National Bank, supra; Powers v. First National Bank of Corsicana, 138 Tex. 604, 161 S.W.2d 273; Taysum v. El Paso National Bank, Tex.Civ.App., 1952, 256 S.W.2d 172, error ref.

In Allred v. Beggs, 125 Tex. 584, 84 S.W. 2d 223, the Supreme Court held that where an executor was empowered to devote the decedent's estate to such "charities or worthy objects" as the executor and decedent's sister might select, a purely charitable trust was not created since under the terms of the will the executor was expressly authorized to use the estate for "worthy objects," which might not be charitable at all.

 Here the trustees are directed to provide for the establishment and maintenance of a park or garden *or* other suitable memorial in memory of John Maxwell Jones. This provision is clear and unambiguous. Decedent has directed that a memorial be established in memory of her father and that it be maintained for an indefinite time. The trustees were authorized to create a park or garden, but they might have commissioned a monument to be erected at the grave site or other suitable place. This authority was plainly granted them. A gift for the purpose of having a monument built is a private trust and is subject to the Rule against Perpetuities. Bogert, Handbook of the Law of Trusts, 4th Ed., Sec. 59, p. 161.

In 14 C.J.S. Charities § 22, pp. 456–457, the following text appears:

"Where charitable purposes are mingled with other purposes, or where the terms used are so broad that they include both charitable and noncharitable purposes, the whole gift fails as a charity for uncertainty. A class of cases exists, however, where there is a general overriding trust for charitable purposes, but some of the particular purposes to which the fund may be applied are not strictly charitable, or one of two alternative modes of application is invalid in law. In such cases the court will give effect to the general charitable trust, but the trustees are restricted from applying the fund to the purposes or in the manner which is objectionable. When so restrained, that part of the fund as to which an invalid trust is created belongs to the donor. In case the trusts were created by will, and an ascertainable portion of a fund or an estate was given on a void trust and the residue on a good charitable trust, the residue has the benefit of the failure of the prior trust. A bequest 'to charitable and deserving objects' has been held good as a charity."

There is no direction in the will concerning the amount of money to be spent on one of the purposes as opposed to the other. The word "charity" does not appear in the will. The testatrix' purpose was to secure and maintain suitable memorials for her father and mother. The charitable and noncharitable purposes are mingled and the whole gift must fail.

The judgment of the trial court is affirmed.