**David RICE, Independent Executor and Trustee of the Estate of Earl Morris, Deceased, et al., Appellants,**

v.

**Rhodes Erwin MORRIS et al., Appellees.**

No. 1054.

Court of Civil Appeals of Texas, Corpus Christi.

June 10, 1976.

On Rehearing Aug. 30, 1976.

Rehearing Overruled Oct. 7, 1976.

Kenneth Strahan, Daniel, Morrision & Strahan, Dayton, Everett H. Cain, Liberty, Leonard E. Choate, Dallas, John A. Fuhrhop, Galveston, W. T. Bennett, Huntsville, Edward J. Ganem, Victoria, John L. Hill, Atty. Gen., W. James Murdaugh, Jr., Herman I. Little, Jr., G. Charles Kobdish, Asst. Atty. Gen., Austin, for appellants.

James R. Cornelius, Jr., Zelesky, Cornelius, Rogers, Berry & Hallmark, Lufkin, for appellees.

## OPINION ON MOTION FOR REHEARING

The appellees, in their motion for rehearing, have called our attention to certain clerical errors and to the fact that the appellants did not file a motion for summary judgment, therefore precluding this Court from rendering judgment for appellants. See *Cowar v. Woodrum*, 472 S.W.2d 749 (Tex.Sup.1971); *Hinojosa v. Edgerton*, 447 S.W.2d 670 (Tex.Sup.1969); *Alamo National Bank of San Antonio v. Hurd*, 485 S.W.2d 335 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.). We, therefore, withdraw our original Opinion and the following Opinion is substituted therefor.

This is a classic "Mixed-Trust" type case. The validity of the testamentary trust was tested in the trial court in this Will Contest by summary judgment. From a judgment holding the subject trust invalid, the trustee and others appeal.

The Last Will and Testament of Earl Morris, together with a Codicil to said Will, was admitted to probate in the County Court of Walker County, Texas, on February 4, 1974. Thereafter, two of Earl Morris' children, Rhodes Erwin Morris and Anita Morris Weston (hereinafter referred to as "contestants") filed a Will Contest and Application for Injunctive Relief naming as defendants, David Rice, Dale Morris Woodruff, Verna Morris, Alva Morris, Edward Morris, Texas Elk's Crippled Children's Hospital, Inc., and Texas Scottish Rite Hospital for Crippled Children, Inc. The Attorney General of Texas was made a party on behalf of the interests of the general public of this State. See Article 4412a, Tex.Rev. Civ.Stat.Ann.

The Will provided that the beneficiaries of the trust res were to be recipients selected from churches and hospitals operating within the State of Texas and without restrictions as to denomination or otherwise (Section Two) and to five named individuals (Section Three of the Codicil), all according to the trustee's discretion.

The contest centers around Article IV of the Earl Morris' Will which created the subject trust. Among the several grounds of relief asserted by the contestants in their will contest and motion for summary judgment was that Article IV of Earl Morris' Will, which created a trust, was invalid because: 1) the trust was too broad and designated no definite and certain beneficiaries; 2) there was no ascertainable beneficiaries of the trust and it was unenforceable for lack of a beneficiary or any person or party having the right or authority to enforce such trust; and 3) the purposes of the trust were not limited to charity and no attempt was made to create a charitable trust.

Article I of the Will of Earl Morris provides for the usual payment of debts and taxes. Article II makes arrangements for the decedent's funeral and burial. Article III sets up a specific trust with reference to certain designated property. Article IV places all of the residue of the testator's estate in trust over which David Rice is designated trustee. It is Article IV of the Will which contains the questioned provisions that caused this will contest. The pertinent portions of Article IV are as follows:

## "ARTICLE IV.

I Give, Devise and Bequeath all of the rest and residue of my estate, of every kind and character, real, personal and mixed, and wheresoever situated, to my said Trustee, and to his successors in Trust, to hold, manage, sell, give away and distribute as follows:

\* \* \* \* \* \*

SECTION TWO: *The principal purpose of this Trust is to authorize my said Trustee to select worthy recipients*, according to his judgment, of gifts from the income and properties bequeathed and devised under Article IV hereof, *said recipients to be selected from churches and hospitals operating within the State of Texas and without restrictions as to denomination or otherwise.* Upon making such selection, which may be done from time to time and as my Trustee shall see fit, my Trustee shall and is hereby authorized and directed to deliver such sums of money and/or properties to such selected beneficiaries as he may see fit and may deem proper, with no limitations as to amount or number of such gift or gifts." (Emphasis supplied.)

The decedent executed a Codicil which added three additional persons making a total of five named beneficiaries under Section Three of Article IV of the Trust. The Codicil executed about one year after the original Will stated in part:

"1.

I hereby revoke all the provisions of ARTICLE IV, SECTION THREE, and said ARTICLE IV, SECTION THREE shall hereafter read as follows:

'SECTION THREE: The Trustee is further authorized to deliver gifts, in such amounts and at such time as he may deem proper, to Rhodes Erwin Morris, Anita Morris, Verna Morris, Alva Morris and Edward Morris, or any of them, according to their needs. In no event, however, shall my Trustee be accountable to any beneficiary hereunder by reason of the gift of any part or portion of my estate to any other beneficiary.'

2.

I hereby revoke all of the provisions of said Will of September 18, 1970 inconsistent with the foregoing provisions. Except for the changes set forth hereinabove, I hereby ratify, confirm, and republish said Will of September 18, 1970, as my Last Will and Testament."

Section Four of Article IV sets out the terms of the trust which was limited to 20 years from the date of the death of the settlor and " . . . unless all of the property in said trust has been fully disposed of prior thereof in which event the trust shall then terminate . . . ." Section Five of Article IV provided for the release of liability of the trustee for exercising his office of trustee, saving and excepting willfulness, misfeasance or malfeasance. Section Six of Article IV stated that after all of the trust estate had been paid over and distributed, the trust would fully and finally terminate; and upon proper accounting, the trustee would be relieved of his responsibility thereunder.

The trial court granted the contestants' motion for summary judgment holding that Article IV (of the Last Will and Testament of Earl Morris) was invalid and that the trust therein alleged to be created was ineffectual and that said Article IV was cancelled and held for naught.

There are three appellants involved in this appeal. They are David Rice, the Independent Executor and Trustee, the Texas Scottish Rite Hospital for Crippled Children (a contingent beneficiary under Article III of the Will), and the Attorney General of Texas. They are all referred to as "appellants" hereafter. Although each appellant has filed separate briefs, the errors of which they complain are similar and such points will be treated together rather than separately.

The question before us centers on the validity of Article IV of the Will of Earl Morris (deceased) and as stated specifically by appellee in his two reply points in question form: 1) Is the trust created under Article IV of the Will invalid as a matter of law because the trust is a mixed charitable and non-charitable trust? and 2) Was the summary judgment properly granted because there was no fact issue as to the testator's intent to create a mixed trust since the language in Article IV is clear and unambiguous? The only issue on appeal is clarified by appellees' argument that it is not the lack of clarity that invalidates the

trust of Article IV, but the improper mixing of charitable and non-charitable purposes in a single trust. We agree that the instrument designated "The Last Will and Testament of Earl Morris" is not ambiguous, but clearly evidences the intention of the testator.

As part of the background of this suit, the undisputed summary judgment evidence showed that the settlor, Earl Morris, was a man of strong will who had started out in business as a poor man with little education, possessing only a team of mules and a wagon used to haul logs. Over the years, the settlor began trading mules and horses, then automobiles and later land. He finally obtained a 5,000 acre ranch in Walker County, Texas. Along with the Walker County ranch, the settlor accumulated a sizable estate which included other land in San Jacinto County valued at over $500,000.00 and certain notes valued at over $340,000.00. The settlor named his "beloved friend", David Rice as independent executor and trustee of the two testamentary trusts set up in his Will. The persons named in his Will are three of his children (Rhodes Erwin Morris, Anita Morris and Edward Morris) and his two sisters (Verna Morris and Alva Morris). The settlor intentionally excluded his daughter, Gail Morris Woodruff, who was a party against him in a lawsuit which is a part of the subject matter of the trust res in the first trust under Article III of the Will in question.

■■■ The courts have always held that a testator has a right to dispose of his own property in such manner and to such persons or institutions as he sees fit, so long as such disposition is not repugnant to the law. The testator's intentions should be carried out unless they contravene some rule of law or are against public policy. It is fundamental that the primary concern of the courts in will construction is the determination of the testator's intent and the effectuation of that intent as far as legally possible. *Sellers v. Powers*, 426 S.W.2d 533 (Tex.Sup.1968).

Article IV of the subject Will contains two sections with which we are primarily concerned. Section Two authorizes the trustee to select worthy recipients from "churches and hospitals" operating within the State of Texas without restrictions as to denomination or otherwise and to make gifts to such selected beneficiary or beneficiaries in his sole discretion. Section Three authorizes the trustee to deliver gifts in such amounts and at such times as he may deem proper to the specific five named persons or any one of them according to their needs.

■■■ A "mixed trust" is usually defined as one which possesses private and public elements and is partly charitable and partly for the benefit of private individuals or non-charitable objects. It is not objectionable to have a mixed trust as such. Bogert, Law of Trusts, § 65 (Fifth Edition 1973). The objectionable characteristic of a mixed trust having both charitable and non-charitable purposes, is not due to the commingling of purposes. The objectionable characteristic occurs when the charitable portion of the trust is invalid for some reason or another, or the private portion of the trust is invalid for some reason or another, and the two trusts cannot be separated and individually enforced. If a mixed indivisible trust satisfies all of the requirements for a valid charitable trust and all of the requirements of a valid private trust, there is no good reason why the courts should not carry out the intentions of the settlor by enforcing the trust. Bogert, Law of Trusts, § 65 (Fifth Edition 1973); 2A Bogert, Trusts and Trustees, § 372, p. 85. See also *Moskowitz v. Federman*, 72 Ohio App. 149, 51 N.E.2d 48 (1943).

The beneficiaries under Section Two are limited to a definite class, that being "churches and hospitals operating in Texas". First, we must determine if the trust under Section Two of Article IV is for a valid charitable purpose. Many charitable trusts fail because of the type or class of named beneficiaries.

■■■ Our Supreme Court discusses at length the various definitions of charities. *Boyd v. Frost Nat. Bank*, 145 Tex. 206, 196

S.W.2d 497 (1946). The court quotes with approval the classification found in the Restatement (Second) of Trusts, § 368, which states that charitable purposes include " . . . (c) the advancement of religion; (d) the promotion of health. . . . " We hold that worthy recipients from churches and hospitals operating in Texas would constitute a charitable beneficiary. See Bogert, Law of Trusts, §§ 57, 62 (Fifth Edition 1973); 2A Bogert, Trusts and Trustees, §§ 361, 373, 375; 14 C.J.S. Charities §§ 1, 12, 17; 15 Am.Jur.2d Charities, §§ 63, 76.

The indefiniteness of beneficiaries is not an objection in the case of a charitable trust. That which is capable of being made definite by the trustee's action is sufficiently clear to enable a court to enforce a trust. Bogert, Law of Trusts, § 55, p. 210 (Fifth Edition 1973); *Boyd v. Frost Nat. Bank,* 145 Tex. 206, 196 S.W.2d 497 (1946); *Powers v. First Nat. Bank of Corsicana,* 138 Tex. 604, 161 S.W.2d 273 (Tex.Comm'n App. 1942, opinion adopted); *Zweig v. Zweig,* 275 S.W.2d 201 (Tex.Civ.App.—San Antonio 1955, writ ref'd n.r.e.); *Rentz v. First National Bank in Corsicana,* 325 S.W.2d 958 (Tex.Civ.App.—Waco 1959, writ ref'd). Since the trustee was given absolute discretion to select beneficiaries within a definite class (hospitals or churches operating in Texas), the charitable beneficiaries of the trust are made certain by giving the trustee this discretion. The purpose of the bounty and the classes to be benefitted are sufficiently definite to make this aspect a valid charitable trust. *Powers v. First Nat. Bank of Corsicana,* supra; *Boyd v. Frost Nat. Bank,* supra; *Rentz v. First National Bank in Corsicana,* supra; *Wilson v. Franz,* 359 S.W.2d 630 (Tex.Civ.App.—El Paso 1962, writ ref'd); 14 C.J.S. Charities §§ 39, 40; 2A Bogert, Trusts and Trustees, §§ 363, 366, 371; Restatement (Second) Of Trusts, § 364.

We pause to note that a charitable trust is valid even though by its terms, the trustee is authorized to apply the trust property to any charitable purpose which he may select so long as the trustee is able and willing to make the selection. No question has been raised that the appellant trustee David Rice is not able and willing to comply with the testator's wishes. *Boyd v. Frost Nat. Bank,* supra.

Gifts for charitable purposes have always been favored in courts of law and equity, and trusts which were created for such purposes are usually carried into effect upon broad and liberal principles of equity jurisprudence under circumstances where a purely private trust might fail. See *Wooten v. Fitz-Gerald,* 440 S.W.2d 719 (Tex.Civ. App.—El Paso 1969, writ ref'd n.r.e.). "Public charities are public blessings, and the commonwealth is interested in giving force and effect to them." *Boyd v. Frost Nat. Bank,* 145 Tex. 206, 196 S.W.2d 497, 503 (Tex.Sup.1946). " . . . public charity trusts are particular favorites of courts of equity, which are quick to protect and enforce them." *Powers v. First Nat. Bank of Corsicana,* 138 Tex. 604, 161 S.W.2d 273 (Tex.Comm'n App.1942, opinion adopted). We hold that Section Two of Article IV is a valid charitable trust.

A private trust on the other hand is one where the beneficial interest is vested in one or more individuals who are or can be distinctly ascertained. The beneficiaries named must be definite and certain. 89 C.J.S. Trusts § 19; Bogert, Law of Trusts, § 34 (Fifth Edition 1975). The Will in Section Three of Article IV provides (by codicil) that the trustee is authorized to deliver gifts in such amounts and at such times as he may deem proper to the five named persons or any one of them, according to their needs. We hold that this section of Article IV sets up a valid private trust.

One of the problems that invalidates mixed trusts is where the term of the trust creates a perpetuity. If a trust extends for a period of time longer than a life or lives in being and 21 years, plus the 9 months of normal gestation, the trust is void under the Constitution, unless the Will that set up the trust was exclusively for public charities. Tex.Const. art. 1, § 26;

*Powers v. First Nat. Bank of Corsicana,* supra. A trust for charitable purposes is not subject to the operation of the rule against perpetuities. *Boyd v. Frost Nat. Bank,* supra; *Moore v. Sellers,* 201 S.W.2d 248 (Tex.Civ.App.); *Atkinson v. Kettler,* 372 S.W.2d 704 (Tex.Civ.App.—Dallas 1963, aff'd 383 S.W.2d 557 (Tex.); *Carr v. Jones,* 403 S.W.2d 181 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.); Bogert, Law of Trusts, § 68 (Fifth Edition 1973); Restatement of the Law of Property, § 398; 15 Am.Jur.2d Charities, § 17; 11 Tex.Jur.2d Charities, § 6.

█ A private trust on the other hand is subject to the rule and unless it terminates within the term of the rule, it is void. *Moore v. Sellers,* supra; *Carr v. Jones,* supra; Bogert, Law of Trusts, § 59, p. 223 (Fifth Edition 1973). Therefore, it is the possible violation of the rule against perpetuities in mixed trusts by the non-charitable portion of the trust (if inseparable from the charitable purposes) that causes the entire trust to fail.

A good example of this type of situation is found in the case of *Carr v. Jones,* supra. Under that Will in question, the trustees were to provide for the operation of a public garden (charitable) and also for a park or garden or other suitable memorial in memory of testatrix's father (private). The term was for an indefinite time. The court held that the gift for the purpose of having a monument built was a private purpose and unlike the charitable trust was subject to the rule against perpetuities. Since the charitable purpose (public garden or park) and the non-charitable (monument) were mingled and there was no direction in the Will concerning the amount of money to be spent on one purpose as opposed to the other, the entire trust failed for the failure of the Will to impose a time limitation upon the duration of the private portion of the trust.

The Carr case holds that where there is a mixed trust, and there is no method by which the charitable and non-charitable portions of the trusts can be separated and the charitable portion preserved, and the non-charitable portion violates the rule against perpetuities, the entire trust must fail under the rule. See Bogert, Trusts and Trustees, § 372; *Moore v. Sellers,* supra; *Green v. Austin,* 222 Ga. 409, 150 S.E.2d 346 (1966).

Another typical problem that invalidates the mixed trust is where the intended charitable purposes are mingled with other purposes which are non-charitable. This causes the whole gift to fail as a charity because of uncertainty. 14 C.J.S. Charities § 22. This applies when it is uncertain whether the purpose or purposes contained in the trust instrument are charitable or non-charitable.

A good example of this type of situation is found in the case of *Allred v. Beggs,* 125 Tex. 584, 84 S.W.2d 223 (1935). There, the Will directed the executor, with the advice of the testator's sister, to distribute and give to such charities and worthy objects as they shall determine. There, the court said that: if a testator leaves his estate to charity generally, but authorizes his executor to determine for what worthy purposes it shall be used, and to select the beneficiaries thereof, and the Will contains no other definite manner of selection, the trust is a personal one and not a public charity. Since the Will expressly allowed the executor to deliver the estate to "worthy objects" which might or might not be charitable at all, it was held that the Attorney General could not intervene to enforce the trust under those circumstances.

The appellees cite as their sole authority for holding Article IV of the Will invalid because it is a mixed trust, the following cases: *Allred v. Beggs,* 125 Tex. 584, 84 S.W.2d 223 (1935); *Powers v. First Nat. Bank of Corsicana,* 138 Tex. 604, 161 S.W.2d 273 (Tex.Comm'n App.1942, opinion adopted); and *Boyd v. Frost Nat. Bank,* 145 Tex. 206, 196 S.W.2d 497 (1946). These cases provide no support for appellees' position.

In *Powers v. First Nat. Bank of Corsicana,* the question presented to the court was whether that particular Will set up a trust exclusively for public charities which was not subject to the rule against perpetuities or whether the Will set up a trust for a

private object, which would be subject to the rule. The Court found that the trust was an exclusively public charitable trust and, therefore, the rule against perpetuities had no application. There was no mixed trust involved in the Powers case, only the question of whether the Will set up a private or charitable trust.

In *Boyd v. Frost Nat. Bank*, the Supreme Court of Texas was faced with two questions, those being: 1) whether a trust which provided that any and all net income remaining in the possession of the trustee after certain other payments were made, shall be paid to such charitable associations as the trustee shall in its absolute discretion select, was so general, vague or indefinite as to be invalid; and 2) whether the particular trust, being in perpetuity was so broad that the trustee was authorized to expend the trust income for purposes other than charitable ones, and, therefore, void as violative of the rule against perpetuities. The court held that the trust was sufficiently definite and certain to be a charitable trust and it could, therefore, exist in perpetuity.

▬▬ The Will *before us* does designate purely charitable beneficiaries (hospitals and churches) and the term of 20 years does not violate the rule against perpetuities as to the private portion of the trust. So, when David Rice, the trustee exercises his discretion and makes a gift from the trust res, the gift is a charitable gift if it is made to a hospital or church operating within the State of Texas. The trustee is limited to this class of charities and in such a case, the Attorney General of Texas has a duty to enforce this provision wherever proper or necessary. *Allred v. Beggs*, supra.

▬ When David Rice, the trustee exercises his discretion and makes a gift, such gift is a private gift if it is made to one or more of the beneficiaries named in Section Three (Codicil). If the trustee wishes to make such a private gift, he is limited under the trust to the specific named beneficiaries and they or any one of them have such an interest that they can enforce this provision of the trust. See Restatement

(Second) of Trusts, § 120(d) "Who Can Enforce the Trust".

If David Rice, the trustee, chooses not to make any gift to either of the above named classes (charitable or private), then the trust will eventually come to an end (20 year term). And at the end of the term, the trust will cease and the proceeds (or the balance thereof) will go as the Will so provides. All of the provisions of Article IV of the Will conform to the wishes of the settlor.

The appellees have not cited a single case that holds as they contend, that a mixed trust as such, for no other reason, is invalid. Nor have we been able to find a case in Texas or in the jurisprudence of any other state, which has held that a trust, having for its purposes both charitable and noncharitable objects, is invalid for that reason alone.

On the other hand in *Moskowitz v. Federman,* 72 Ohio App. 149, 51 N.E.2d 48 (1943), a case of striking similarity to the case at bar, an express testamentary trust having both a charitable and non-charitable purpose, was also under attack. That trust, like the trust here in question, gave to the trustees complete discretion to choose between the charitable (charitable organizations) and non-charitable (next of kin) purposes, in any proportion and in any amount they choose, and to the exclusion of one class or the other if they so desired. The trust instrument was limited to a term of 20 years after the death of the settlor. The court, in a very scholarly opinion upholding the validity of the trust, stated:

> "The instrument under consideration violates none of the principles of trusts pronounced in the many cited cases and text. And it may fairly be stated that *a testamentary trust which is created for the distribution of the assets of an estate to members of a definite class of persons, or to charitable organizations, or to both or to none, all within the entire discretion of the trustees, and which provides for a distribution of the entire residue of the estate at the end of twenty years from*

*the time of testator's death, is a valid trust, is within the rule against perpetuities,* and which trust, if breached, may be enforced by any member of a class named as possible beneficiaries, and even though they have not been designated by the trustees to take." (Emphasis supplied.)

See also 2A Bogert, Trusts and Trustees, § 372, p. 84, et seq.

██ We hold that Article IV of Earl Morris' Will creates a valid mixed trust and as such is enforceable. The Motion for Rehearing is GRANTED ONLY with respect to the disposition of the case. The judgment of the trial court is therefore REVERSED and the cause is REMANDED to the trial court for further proceedings consistent with the hereinabove Opinion.

REVERSED AND REMANDED.