

# The Attorney General of Texas

December 5, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
LBJ State Office Building
Austin, Texas 78744

Opinion No.  MW-94

Re: Imposition of sales tax on improvement of realty belonging to an exempt entity.

Dear Mr. Bullock:

You have asked whether a lessee of realty belonging to an entity exempt under article 20.04(H), Taxation-General, may avail itself of the exemption in article 20.04(Y) in making improvements to the leasehold in a private commercial venture.

You cited the following fact situations:

1. The City of Fort Worth has leased a portion of its municipally owned airport, Meacham Field, to a private party for the purpose of operating a commercial aviation center. One of the covenants in the long-term lease (30 years plus options for additional periods) is that the private party will construct, at its own expense, on the leased property, two airplane hangars and various support facilities. The agreement provides that upon completion of construction, title to the improvements will vest in the City. During the period that the lease is in effect, the hangars and other facilities will be for the exclusive use of the private party.

2. A church in the City of Houston owns a tract of land and the improvements thereon ( a building). The church has leased the property on a long-term lease to a private concern. The church has granted the lessee permission to remodel the building to suit its business needs.

3. A city has leased a tract of land to a private utility company. The long-term lease contains

a purchase option available on expiration. The utility company has constructed and is constructing facilities to suit its business needs upon the leased property.

In each fact situation the private party wishes to purchase all of its construction materials tax-free.

The exemption statute involved is article 20.04(Y) which was added by the 1969 Act. It appears as follows:

(Y) Contracts with Exempt Organizations. There are exempted from the computation of the amount of taxes imposed by this Chapter, the receipts from the sale, lease or rental of any tangible personal property to, or the storage, use or other consumption of tangible personal property by, any contractor for the performance of a contract for the improvement of realty for an exempt organization as defined in Section 20.04(H) of this Chapter or otherwise exempt from the taxes imposed by this Chapter to the extent of the value of the tangible personal property so used or consumed or both in the performance of such contract.

The key words in article 20.04(Y) are "the improvement of realty for an exempt organization." The reasonable legislative intent would seem to be to furnish the tax exemption to a contractor only in cases where the realty was improved _for_ the exempt entity, i.e., at the behest of the exempt entity and to inure to its substantial benefit. Of course, in all such cases some degree of benefit will accrue to the private contractors, if nothing more than the contract price for his services, but the primary and substantial benefit must reasonably be the improvement of realty for the exempt entity's benefit, not for the lessee's use and benefit, as appears to be the case in the three fact situations submitted. The inquiry turns on whether the dominant purpose of the lease contracts was to make such improvements for the exempt entities or for the private lessees. Under the doctrine of strict construction of tax exemptions we conclude that the lessees in question are not entitled to the tax exemption allowed by article 20.04(Y) in the situations inquired about. See Davies v. Meyer, 541 S.W.2d 827 (Tex. 1976).

## SUMMARY

Contracts with tax exempt entities for improvements by non-exempt persons or organizations of realty for the primary use and benefit of such nonexempt persons or organizations do not afford such contractors the exemption provided in article 20.04(Y), Taxation-General.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bob Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
Bob Lattimore
Myra McDaniel
William G Reid
Bruce Youngblood