

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

May 25, 1990

Honorable John Vance
District Attorney
Frank Crowley Courts Bldg.
Dallas, Texas 75207-4313

Opinion No. JM-1180

Re: Applicability of the Charitable Raffle Enabling Act, article 179f, V.T.C.S., to a nonprofit corporation whose purpose is to oppose construction of a landfill (RQ-1962)

Dear Mr. Vance:

You ask two questions about whether a certain organization in Dallas County is authorized to conduct a raffle under the Charitable Raffle Enabling Act [hereinafter the act], article 179f, V.T.C.S. You tell us that the organization, a nonprofit corporation, opposes the construction of a landfill near the group's community. You also tell us that the organization would use the proceeds of the raffle to pay for representation before the Texas Department of Health in order to oppose the construction of the landfill because the members feel that the landfill would be detrimental to the health of the community.

In your first question, you ask:

> Does the group's purpose for conducting the raffle meet the definitions of 'charitable purpose' under art. 179f, § 2(a)(2) where the purpose is to raise money to pay for representation before the Texas Department of Health?

Section 3(a) of the act allows a qualified organization to conduct a raffle, and section 3(d) requires that all proceeds from the sale of raffle tickets be spent for the charitable purposes of the organization. Section 2(a)(2) defines "charitable purposes" as follows:

> (A) benefiting needy or deserving persons in this state, indefinite in number, by enhancing their opportunity for religious or educational advancement, relieving them from disease, suffering, or distress, contributing to their physical well-being, assisting them

p. 6216

> in establishing themselves in life as worthy
> and useful citizens, or increasing their
> comprehension of and devotion to the
> principles on which this nation was founded
> and enhancing their loyalty to their govern-
> ment; or
>
> (B) initiating, performing, or fostering
> worthy public works in this state or enabling
> or furthering the erection or maintenance of
> public structures in this state.

V.T.C.S. art. 179f, § 2(a)(2).

Along with your first question, you indicate your impression that the goal of this organization raises the issue of a possible conflict between subsections (A) and (B) in that the organization is attempting to contribute to the physical well-being of the populace through the defeat of the construction of a public work.[1]

We do not believe that there is any conflict between the two subsections. The use of the word "or" to connect the two subsections of the definition clearly signifies that an organization need not find its purpose in both sub-sections.

The act's definition of "charitable purposes" closely tracks definitions used by the courts relative to the establishment of charitable trusts. See, e.g., Boyd v. Frost Nat'l Bank, 196 S.W.2d 497, 502 (Tex. 1946); Powers v. First Nat'l Bank of Corsicana, 161 S.W.2d 273 (Tex. 1942); Carr v. Jones, 403 S.W.2d 181 (Tex. Civ. App. - Houston [1st Dist.] 1966, writ ref'd n.r.e.); see also Zollman, American Law of Charities, § 185 et seq.

The Texas Supreme Court has determined that the term "charitable purposes" has a fixed meaning in the law. Boyd, supra, at 501. The meaning of that term, described as fixed in 1946, appears no less fixed in 1990, when we compare the definition found in the act with that offered by Perry (in

---

1. There is authority for the proposition that the construction of a landfill is the construction of a "public work." See, e.g., City of Houston v. George, 479 S.W.2d 257 (Tex. 1972) (for liability purposes, garbage disposal is a governmental function); Schulman v. City of Houston, 406 S.W.2d 219 (Tex. Civ. App. - Tyler 1966), pet. overruled, 412 S.W.2d 34 (Tex. 1967) (manner, method, and site of garbage disposal within discretion of city council); see also Health & Safety Code chs. 361, 363, 364.

2 Perry, Trusts and Trustees § 697 (7th ed. 1929)) and approvingly quoted by the supreme court. Id. at 502. In the Powers opinion, the commission of appeals knowingly applied charitable use law derived from tax statutes to a charitable trust established in a will. Powers, supra, at 280. Thus, we can see no reason not to apply charitable purpose law derived from taxation statutes and the law of trusts to the relatively new use of the term "charitable purposes" in the charitable raffle act.

Although we can review relevant legal principles, we cannot make a determination as to whether the expenditures you ask about would be for a charitable purpose. Such a determination would depend on findings of fact, which we cannot make in the opinion process. The fact that an organization is a nonprofit corporation is not, by itself, dispositive of the question of charitable purpose. River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (Tex. 1963). To determine whether the purpose of the organization is charitable, a court would examine at least the organization's statement of purpose in its charter or articles of incorporation, and the ultimate beneficiaries. See Blocker v. State, 718 S.W.2d 409 (Tex. Civ. App. - Houston [1st Dist.] 1986, writ ref'd n.r.e.) (charitable identity permanently established in corporate charter); Powers, supra, (orphanage devoted to all orphans, regardless of their religious affiliation, is charitable).

Local prosecuting attorneys are better equipped to make preliminary factual determinations in regard to whether certain conduct violates state gambling laws. Section 5(a) of the act authorizes county, district and criminal district attorneys, as well as the attorney general, to bring action in a county or district court for an injunction or restraining order.

In your second question, you ask:

> Does the act's exclusion of lobbying organizations, contained in § 6(a)(3), § 6(b)(3), and § 6(c)(3), apply to a citizen's group which is raising funds in order to appear before an administrative board or agency, in this case the Texas Department of Health?

The act and the constitutional amendment that authorize charitable raffles permit a "qualified nonprofit corporation" to conduct a raffle for "charitable purposes." Section 6 of the act defines the term "qualified nonprofit organization" and includes requirements in addition to incorporation as a nonprofit corporation. V.T.C.S. art. 179f, § 6(a).

The three provisions about which you ask require that to be qualified to hold a raffle, neither the organization nor its parent organization "devote a substantial part of its activities to attempting to influence legislation."

These prohibitions on "attempting to influence legislation" are limited to exactly that. The lobby regulation act includes both traditional, legislative lobbying and, since 1983, attempts to influence administrative action. See generally Gov't Code ch. 305. Inasmuch as that chapter's various provisions repeatedly contain the expression "to influence legislation or administrative action," we believe that the legislature intended, in the Charitable Raffle Enabling Act, to prohibit only attempts to influence legislation. See, e.g., Gov't Code §§ 305.003(a)(1), 305.004(1), 305.005(g); see also Gov't Code § 305.002(1) (definition of administrative action), 305.002(6) (definition of legislation). Therefore, we conclude that opposing approval of a landfill before the Department of Health would not constitute an attempt to influence legislation under the act.

## S U M M A R Y

The opposition of the approval of a landfill before the Department of Health does not constitute lobbying and does not, by itself, disqualify an organization from being a qualified nonprofit corporation under the Charitable Raffle Enabling Act.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General